Ruddy v. Woodbridge.

STATE, GEORGE W. RUDDY, PROSECUTOR, v. THE INHAB-
ITANTS OF THE TOWNSHIP OF WOODBRIDGE ET AL.

1. By the provisions of the act to facilitate the collection of taxes in the
township of Woodbridge, in the county of Middlesex, (*Pamph. L.* 1873,
*p.* 758,) the tax certificate given to the purchaser at the sale for un-
paid taxes, is to be deemed to be canceled if the owner or owners of
the land appear before the township committee within two years from
the date of the certificate, and deposit with them, for the purchaser of
the lease, the amount paid by him for the lease, with interest at the
rate of fifteen per cent. per annum, which money shall, on demand, be
paid to the party owning and holding the certificate. *Held*, that a
tender of the money to the purchaser was a compliance with the pro-
visions of the statute.
2. Statutory provisions for the redemption of land from tax sales are to
be construed liberally.

Error to the Supreme Court.   For opinion of Supreme
Court see 17 *Vroom* 109.

For the plaintiff in error, *B. A. Vail.*

For the defendants in error, *E. Cutter.*

The opinion of the court was delivered by

THE CHANCELLOR.   The object of this suit is to set aside
a certificate of sale of land in Woodbridge township, Middle-
sex county, for unpaid taxes, and a lease of the property given
to the purchaser September 1st, 1879, in pursuance of the
sale.   The proceedings were taken under the act "to facilitate
the collection of taxes in the township of Woodbridge, in the
county of Middlesex," approved April 4th, 1873.   *Pamph.
L., p.* 758.   By the provisions of that act the tax certificate
given to the purchaser at the sale for unpaid taxes is to be
deemed to be canceled if the owner or owners of the land ap-
pear before the township committee within two years from the
date of the certificate, and deposit with them, for the pur-

Ruddy v. Woodbridge.

chaser of the lease, the amount paid by him for the lease, with interest at the rate of fifteen per cent. per annum, which money shall, on demand, be paid to the party owning and holding the certificate. In this case the owners made a tender of the money to the purchaser within the two years, but he refused to receive it. If the tender was a compliance with the provision for redemption in the act, the certificate should be held to be canceled, and the lease, which was subsequently given, to be void. The Supreme Court held that it was not a compliance. When it is considered that this provision is merely for the benefit of the owner of the land, to provide him with a place at which he may deposit the money instead of being required to make the tender to the purchaser, whom he might not be able to find without great difficulty and perhaps could not find at all, it is quite obvious that that construction of the act is far too rigid. The township committee have no interest in the matter. The money, if deposited with them, is not to go to the township, but to the purchaser. They are not even charged with the duty of computing the amount to be deposited. They are mere depositaries. Statutory provisions for the redemption of land from tax sales are to be construed liberally. The tender in this case was a compliance with the provision under consideration. The owners of the land might have deposited the money with the committee for the purchaser, who in that case would have had to apply to the committee for it, but instead of doing so they chose to take the trouble to seek out and find the purchaser and tender it to him.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, PARKER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON. 11.