[No. 3183. June 12, 1928.]

HORCHHEIMER v. PREWITT.

[268 Pac. 1026.]

C. J. Roberts, of Santa Fe, and E. P. Bujac and E. K. Neumann, both of Carlsbad, for appellant.

Dover Phillips, of Carlsbad, for appellee.

## OPINION OF THE COURT

BICKLEY, J. Appellee (plaintiff) recovered damages in an action against appellant (defendant) growing out of the breach of a contract sued upon and wrongful acts of the appellant. The case was tried by the court without a jury.

Several items of damages were awarded to the plaintiff by the court, but only two items are questioned by appellant in this appeal, these two awards being set out in the court's findings, as follows:

"(1) That the plaintiff was damaged by reason of the driving away wrongfully by the defendant of the cotton pickers, engaged in work in the month of September, 1924, in the sum of $280.

"(2) That the plaintiff was damaged by the defendant's failure to abide by the terms of the contract not to hold the cotton and to sell the same promptly after ginning and, to account to the plaintiff, to the humiliation of plaintiff by reason of injury to his credit, in the sum of $250."

The defendant, at the close of plaintiff's case, demurred to the evidence. The demurrer was overruled by the trial court, and defendant stood upon the ruling, and offered no evidence.

Appellant relies solely on one assignment of error, which is as follows:

"There is no substantial evidence to sustain the findings and judgment of the court as to the damages awarded the appellee for damages against the appellant for the latter's wrongful act in driving away the cotton pickers during the month of September, 1924, and as to the damages awarded appellee for humiliation and injury to his credit."

In approaching a consideration of the assignment of errors, we are guided by the principle applicable to trials that a demurrer to the evidence admits all of the facts which the evidence tends to establish and all reasonable inferences therefrom. See Union Bank v. Mandeville, 25 N. M. 387, 183 P. 394.

It has frequently been declared by this court that neither the verdict of the jury nor the findings of the trial court will be disturbed in the appellate court when they are supported by any substantial evidence and, as put in

Corcoran v. Albuquerque Traction Co., 15 N. M. 9, 103 P. 645, "unless it can be said that there is no substantial evidence to support it, a verdict will not be disturbed."

We have carefully examined the record, with the assistance of the briefs of counsel, and we are not able to say that there is no substantial evidence to support the finding numbered one. Appellant's principal assault on finding numbered 1 is that the evidence at best showed that defendant only drove away 22 of the cotton pickers, whereas the court awarded $280 for the cost of bringing in 37 of the cotton pickers to take the place of those who left, and that, therefore, the court awarded too much. The evidence shows that the plaintiff gathered up 37 cotton pickers and brought them into Roswell on trucks, which trucks cost him $200. The plaintiff, when asked how much it cost him to go from Roswell to the farm, said:

"A. Well, I hauled part of them myself and had a truck and trailer to bring the rest of them across, cost me $80, besides my own bringing them from Roswell on down here."

So it appears that the plaintiff had some expense besides what he paid out, and also it does not appear that the expense of the trucks was any more for the hauling of 37 than it would have been for 22.

We reach a different conclusion as to the court's finding of fact numbered 2, as we find no substantial evidence to support said finding.

Our conclusion in the matter makes it necessary to compel a remittitur of the excess in the amount of the judgment over and above the amount which it is clear there is evidence to support, and we therefore order that, if the appellee, within 30 days from the filing of this opinion, shall file with the clerk of this court its agreement to remit the sum of $250 from the judgment of $1,425.33 obtained by him in the court below, the remainder of the judgment will be allowed to stand; but, upon his failure so to do, the judgment will be reversed, and the cause remanded for new trial, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.