104 P.2d 742

**TAYLOR v. SARRACINO.**

No. 4521.

Supreme Court of New Mexico.

Aug. 3, 1940.

Charles H. Fowler, of Socorro, for appellant.

Louis C. Lujan, of Santa Fe, for appellee.

ZINN, Justice.

Plaintiff (appellee here) brought this action against the defendant (appellant here) on an oral contract. The plaintiff alleged that he was retained by the defendant as a commission agent to secure a buyer for a ranch belonging to the defendant, that he found a buyer, a sale was made, but that the defendant refused to pay the agreed commission amounting to $600.

Judgment by the court, without a jury, was for the plaintiff in the amount claimed, from which judgment this appeal is prosecuted.

The record disclosed that on September 7th, 1937, the defendant and his wife entered into a written contract for the sale of the ranch involved to one Fred Martin for $15,000. Martin paid the sum of $3,000 on the contract sale price before November 1st, 1937, and delivered to the defendant interest bearing notes for the unpaid balance of the sale price, all as provided in the contract. Martin was unable to meet the payments when they became due. He listed the ranch, together with cattle thereon, with the plaintiff to be sold.

The plaintiff found a prospective buyer in the fall of 1938, one McNierney. About November, 1938, Martin sold the cattle to another buyer and McNierney was not at that time further interested in buying the ranch alone, and so the negotiations were dropped.

McNierney's interest in buying the land alone was again revived about the end of December or the first of January following. This reviving interest in purchasing the land was the result of the plaintiff's efforts.

On January 3rd, 1939, McNierney made the trip from Albuquerque to deal for the purchase of the land. At the time McNierney made the trip he did not know who the owner of the land was, nor whether he was going to deal with Fred Martin or the defendant for the purchase of the land.

He passed Polvadera and went on down south of that village to the home of Fred Martin, which was on the ranch or farm, and saw and talked with Martin about his desire to purchase the land. After an hour or so Martin and McNierney went back to Polvadera to the home of the defendant and Martin then introduced McNierney to the defendant. All three men then talked about the sale of the land and the price demanded for it.

At that time the defendant asked Martin if he wished to continue on under his contract, and told Martin, who was then in default, that he could do so if he wanted to and might pay out the purchase price as he could. Martin answered that he did not want to go on with his purchase and that the defendant himself might proceed to sell the farm provided he, the defendant, got a price sufficient to relieve Martin from liability under his contract and to settle a debt which he owed on a store bill. The defendant agreed to this and then Martin said, " * * * go ahead and sell it,". The defendant then dealt with McNierney and sold the land to him for $12,000.

Although Martin was in default under his contract, he was living on the land and in possession, and the defendant had not cancelled the contract nor informed Martin of any intention to do so. Nevertheless, the plaintiff testified, and the court so found that during the month of December, 1938, the defendant came to the plaintiff and asked him to sell the farm. It was at this time that plaintiff and defendant

entered into an oral contract by which the plaintiff agreed to find a purchaser for the ranch and the defendant agreed to pay the plaintiff a commission of five per cent in the event that he found a buyer for the ranch. It was at this time that the plaintiff again contacted McNierney in order to negotiate a deal between McNierney and the defendant for the purchase of the ranch.

The record shows that it was at the instance and solicitation of the plaintiff that John McNierney contacted the defendant at the latter's home in Socorro County and there consummated the deal for the purchase of the ranch for the sum of $12,000.

The defendant assigns numerous errors to the trial court. However, his major contention is that there was no contract between himself and the plaintiff as alleged by the plaintiff and found by the court. The defendant is confronted with the substantial evidence rule. It is a difficult obstacle in his path.

The plaintiff testified that on December 23, 1938, he saw the defendant in Socorro, and that the defendant asked him to sell the farm or produce a buyer for it for him, and that he agreed to pay a commission to the plaintiff for so doing. The defendant denies this.

The court made its findings of fact based on its belief in the testimony of the plaintiff. We are bound by the trial court's findings of fact when supported by substantial evidence.

The defendant's chief argument is that the contract of sale between Martin and the defendant was not dead at the time the plaintiff claims he was employed by the defendant and that under such circumstances it is not likely that the defendant would employ the plaintiff to sell the land. It is reasonable to infer that the defendant on December 23, 1938, knew that Martin was relinquishing the property back to him. With such prospective repossession of the property it is not improbable that a buyer would again be sought.

We refuse to say in face of the trial court's findings that because the defendant was taking an accrued approximate loss of $4,000 on the Martin agreement, that therefore he would not contract an additional expense of $600 as commission to a broker to procure a buyer. The defendant asked McNierney the sum of $15,000 for the farm but ultimately accepted $12,000.

It is true that the defendant suffered the loss of $700 in interest from Martin and the payment of a $300 grocery bill for Martin. However, Martin owed a considerable sum on the principal, and unless a sale was made to a solvent buyer the defendant had no opportunity to recoup either the interest or principal. By making the sale the defendant received $3,000 in cash. The payment of the $300 grocery bill must have been made to relieve the defendant of the possibility of litigation if Martin had refused to turn back the property without suit.

■ One thing is apparent from the record. The plaintiff was responsible for interesting the buyer in the purchase of the property. This resulted in the sale of the property by the defendant to McNierney. The plaintiff was the procuring cause.

■ As stated by this court in the case of Jackson v. Brower, 22 N.M. 615, at page 619, 167 P. 6, at page 7, "The law is well settled that the agent is the procuring cause when the sale is traced to his introduction of the purchaser to the owner or principal. * * *"

See, also, Byerts v. Schmidt, 25 N.M. 219, 180 P. 284; Stacey v. Whalen, 33 N. M. 577, 273 P. 761.

■ McNierney testified in effect that the plaintiff was the cause of bringing the parties together. There is no dispute of the fact that defendant knew that the plaintiff was the procuring cause of the sale. The court found that there was an agreement between plaintiff and defendant. We cannot hold otherwise.

■ Objection is made here by the defendant for the first time to the allowance of interest on the amount awarded at the rate of eight per cent from January 3, 1939, to the date of the hearing, June 7th, 1939. The defendant charges, and rightly, that there is no warrant in law for the allowance of any such rate of interest.

Comp.St.1929, § 89-103, provides that the rate of interest, in the absence of a written contract fixing a different rate, shall be six per cent per annum, on money due by contract. The plaintiff confesses that the court exceeded its authority in assessing interest at the rate of 8 per cent and consents that the judgment should be modified accordingly. The explanation given by the plaintiff in his answer brief is that the error is attributable to, (we quote): "* * * one of those typographical fallacies of vision that rise from the dead to haunt the profession."

We do not have to decide what caused this error in light of the plaintiff's confession of error.

The record shows that counsel for the defendant approved the form of the judgment as signed by the court. The record does not disclose wherein the defendant ever made any specific objection or exception to this obvious error of law. We believe that if specific objection had been made to the trial court complaining of this obvious error that the same would have been corrected. None was made, and it is raised here for the first time.

For the reasons given the judgment will be modified in the instance noted and will then be affirmed at defendant's costs.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.