229 P.2d 688

**WERNER et ux. v. CITY OF ALBUQUERQUE et al.**

No. 5339.

Supreme Court of New Mexico.

March 27, 1951.

Robert H. LaFollette, Albuquerque, for appellant.

J. Ernest Corey, Albuquerque, for appellees.

COMPTON, Justice.

The appeal involves the validity of a tax title.

Appellants brought suit to quiet title, alleging fee simple ownership of the west half of Lots 1 to 3, inclusive, of the Rosemont Addition to the City of Albuquerque. Appellees answered, denying appellants' title and by affirmative defense charged fraud in the sale of the premises for taxes. By cross-complaint they assert ownership and seek to quiet title in themselves. The cause was tried to the court and from an adverse judgment appellants bring the cause here for review.

The evidentiary facts are substantially as follows: In September, 1938, the holder

of a paving lien against the premises instituted foreclosure proceedings and George Everett, the owner, and Frank A. Stevens, the record owner, were made parties defendant. Upon motion, the cause was dismissed as to the record owner, Stevens, and continued against the real owner, George Everett. At the foreclosure sale, the City, acting as trustee, purchased the premises and on October 13, 1945, conveyed the same to Edmundo C. de Baca and Joe Chavez. Subsequently, Chavez and wife conveyed their interest to the said Edmundo C. de Baca, and upon his death, the title to the premises passed to his heirs, appellees, Edwardo C. de Baca, Alfred C. de Baca, Elizabeth C. de Baca and Horacio C. de Baca.

On January 24, 1947, the premises were sold to the State for delinquent taxes, penalties and interest accruing thereon for the year 1945. The tax sale certificate was assigned to appellant, Thomas Werner, Jr. On the morning of January 22, 1949, two days remaining to redeem, appellees' agent went to the office of the county treasurer of Bernalillo County for the purpose of redeeming the property. He found the office congested with business and the county treasurer requested him to contact appellant, Werner, Jr., who was in the office at the time, with regard to redemption. The agent talked with the appellant with reference to the matter and said appellant informed the agent that he did not have his papers with him that day but would come to his office the following Monday (that being the last day to redeem) and bring them with him and that they would then determine the amount due. Werner, Jr., also told the agent that he would not take advantage of the fact that the money was not paid in time and that if necessary he would execute a quitclaim deed to the premises. Werner, Jr., failed to keep the engagement; whereupon, the agent talked with him by phone, at which time he again stated that he had forgotten his papers and also renewed the statements and promises made on the previous Saturday. Appellees, relying upon said promises, allowed the time within which to redeem to expire. After which, appellants refused to comply with the agreement so made.

From these facts the court made the following findings:

17. That except for said talk and the promises and representations made by the said Tom Werner, Jr., to said agent, the agent and attorney for said answering defendants would have redeemed said property for them and within the time allowed by law.

18. That within the time allowed by law to redeem, said agent and attorney for the answering defendants went to the Bernalillo County Treasurer's office for

the purpose of redeeming said property for said defendants, taking with him sufficient funds for that purpose, and that he was deterred from making said redemption at said time and within the time required by reason of the statements and representations of the plaintiff, Thomas Werner, Jr.

19. Said statements and representations of the plaintiff, Tom Werner, Jr., were made fraudulently and with the intent to deceive and for the purpose of keeping said answering defendants, through their said agent and attorney, from redeeming said property.

20. That the said Tom Werner, Jr., never at any time intended to allow said answering defendants to redeem after the period of redemption, or to accept the amount of money he had paid therefor, plus legal interest, or to execute a quit-claim deed to said property for said amount to the answering defendants.

21. That the said answering defendants should be allowed to redeem by paying or tendering to the Clerk of this Court, on behalf of Tom Werner, Jr., the amount paid by him to the County Treasurer, plus interest as provided in the tax statutes until January 22, 1949, and that thereupon title should be quieted in said answering defendants.

Appellants contend (a) that Frank A. Stevens, the record owner, is a necessary party and that dismissal as to him vitiated the proceedings, hence appellees' predecessor acquired no redemptive rights, and (b) that the findings that fraud attending the tax sale was not supported by substantial evidence.

 It was through the foreclosure of a paving lien in the case of Curtis v. City of Albuquerque, that the City acquired the title as trustee. Obviously, Stevens, the record owner who had previously conveyed the premises to Everett was an unnecessary party. The rule with respect to necessary parties is stated as follows: " * * * It may be stated generally that all persons who are interested in the property alleged to be subject to a lien and whose rights will be directly affected by the judgment or decree must be made parties to the action, and that such persons are proper parties. Included within the meaning and operation of the rule are the party holding the title at the time the lien is attempted to be enforced, assignees of the property alleged to be subject to the lien, and the heirs of a deceased owner." 33 Am.Jur., Liens, § 47.

 Of course, in the absence of the real owner, the record owner is a necessary party. But, this being an action in rem, the proper party in interest is the owner, Everett.

Concerning fraud in connection with the sale, the pertinent statute reads: " * * *

in all cases where the owner of land sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the said lands, or *in the purchaser,* to defeat the same, and, if fraud is established, such title shall be void. * * *" Sec. 76–726, 1941 Compilation. (Emphasis ours.)

■■ The invalidity of tax titles, because of the fraud committed by public officers, was before us in Scudder v. Hart, 45 N.M. 76, 110 P.2d 536, and in Kershner v. Sganzini, 45 N.M. 195, 113 P.2d 576, but we do not find that this court has passed on the question here raised, the fraud of the purchaser to defeat the title. Appellants insist that in order to defeat a tax title there must be a false representation of fact, present or past. In this they are correct but a false representation of a present intention is an actionable representation of fact. The rule is stated thus:

"The weight of authority holds that if the falsity of the statement can be established, a misrepresentation of intent is an actionable representation of fact. A statement by a speaker as to what he intends to do may import a statement of fact, that is, as to his present intention; and if his expressed intention is merely feigned in order to mislead, a charge of fraud may be predicated thereon. It has been stated that to profess an intent to do or not to do where the speaker intends the contrary is as clear a case of misrepresentation and of fraud as can be made.

\* \* \* \* \* \*

"Fraud may, in a majority of jurisdictions, be predicated on the nonperformance of a promise in certain cases where the promise is the device to accomplish the fraud, the most frequent example of such a fraudulent promise being a promise made without any intention of performing it at the time of making it, * * *. If, through inducements held out by one person, even by means of a promise alone, another is influenced to change his position so that he cannot be placed in statu quo and will be seriously damaged unless the promise is fulfilled, the refusal to perform has frequently been held to constitute fraud." 23 Am.Jur., Fraud, § 41.

The author, at 23 Am.Jur., Fraud, § 42, succinctly illustrates the rule in the following language: "* * * Thus, too, a purchaser at a tax sale to whom the owner tenders the proper amount for an assignment of the certificate of sale, and who orally agrees to make such assignment to the owner within a few days and receive the money, but in fact obtains a tax deed after the owner, relying upon this promise, has allowed the time for redemption to expire, and refuses, upon tender of the amount of his bid, with interest and charges, to convey to the owner, is guilty of a fraud upon the owner, cannot avail him-

self of the statute of frauds as a defense, and will be compelled by equity to convey to the owner."

We follow the rule announced in Telman v. Galles, 41 N.M. 56, 63 P.2d 1049; Frear v. Roberts, 51 N.M. 137, 179 P.2d 998. See, also, Laing v. McKee, 13 Mich. 124, 87 Am.Dec. 738; Troxler v. New Era Bldg. Co., 137 N.C. 51, 49 S.E. 58; Brett v. Cooney, 75 Conn. 338, 53 A. 729, 1124; Adams v. Gillig, 199 N.Y. 314, 92 N.E. 670, 32 L.R.A.,N.S., 127.

Appellants cite Gammill v. Mann, 41 N. M. 552, 72 P.2d 12, to the proposition that the treasurer and tax collector, by statute, is made the agent of the owner for the purposes of redemption from tax sale, and that such officer is the only person authorized by law to receive the money therefor. Obviously, they misinterpret the effect of the holding. The question of tender to the owner of the tax sale certificate was not in the case.

It was held in Ruddy v. Inhabitants of Woodbridge, 47 N.J.Law 142, under a statute providing the owner could redeem from a tax sale by appearing before the Township Committee within two years from the date of sale and depositing money for redemption with it, that where tender was made to the owner of the tax sale certificate instead, a redemption was accomplished. It is there stated that the Township Committee was made the agent of the owner of the tax sale certificate in legal effect, but tender to the owner was as effectual as if it had been made to the committee.

In Krahenbuhl v. Clay, 346 Mo. 111, 139 S.W.2d 970, 129 A.L.R. 1344, it is held that tender to the owner of the tax sale certificate is good although an ordinance requires that the money be paid to the collector, citing Harter v. Cone, 59 Or. 43, 116 P. 1070, to the same effect. It will be observed that Oregon has practically the same statute as ours.

The record is convincing that the findings are supported by substantial evidence and they will not be disturbed on appeal. Other questions are argued by the parties but all are found without merit or are determined by the conclusion reached.

The judgment is affirmed and It Is So Ordered.

LUJAN, C. J., and SADLER, and McGHEE, JJ., concur.

COORS, J., not participating.