374 P.2d 134

**J. H. SAUTER, Plaintiff-Appellee,**

v.

**ST. MICHAEL'S COLLEGE, a Corporation, Defendant-Appellant.**

No. 6609.

Supreme Court of New Mexico.

Aug. 15, 1962.

Kellahin & Fox, Santa Fe, for appellant.

Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, for appellee.

GARNETT R. BURKS, District Judge.

The parties will be referred to herein as they were designated in the district court.

Plaintiff filed his action in the District Court of San Juan County for the recovery of damages sustained by him by virtue of alleged fraudulent representations made by the defendant corporation in connection with the sale by plaintiff of his business to one William F. Colwes. In his complaint plaintiff prayed for actual damages in the amount of .Twenty One Thousand, Five Hundred Dollars ($21,500.00), and for punitive damages in the amount of Twenty Five Thousand Dollars ($25,000.00). The case was tried by a jury and a verdict was returned in plaintiff's favor in the amount of Nineteen Thousand Dollars ($19,000.00) for actual damages sustained by plaintiff. Judgment for the plaintiff was entered for said amount and defendant has appealed therefrom to this court.

Plaintiff was engaged in the automobile sales business in Santa Fe, New Mexico, and conducted such business on premises leased by him from the defendant under four lease agreements, each of which was for a separate parcel of land. Three of the leases were dated November 22, 1950, and the fourth was dated February 1, 1953. Each of the leases was for a period of years ending in 1965, each contained a provision that the plaintiff lessee should make certain specified improvements upon the particular parcel of land within a fixed time, and each also contained a provision that the lessee should not underlet the premises therein described or assign such lease without first obtaining the written assent of the defendant lessor. The plaintiff did not in all respects make the improvements provided to be made by him within the time specified in the leases, but the time for making such improvements had been in-

definitely extended by agreement of the parties due to the outbreak of the Korean War. The plaintiff was not, however, relieved from his obligation to ultimately make such improvements.

By written agreement dated May 26, 1953, plaintiff agreed to sell and Colwes agreed to buy plaintiff's said business. This agreement provided, among other things, that plaintiff would obtain and furnish Colwes with the defendant's written consent to the assignment of said leases to him, Colwes, and that Colwes would assume and perform all of the plaintiff's covenants contained in the leases for the payment of rentals and the construction of improvements.

Plaintiff asserted that before he executed the agreement of May 26, 1953, with Colwes, he contacted the defendant and defendant represented to him that it would approve the assignment of the leases to Colwes in the event plaintiff sold such business to Colwes, if Colwes would agree to perform the building covenants contained in the leases. Plaintiff did sell his business to Colwes and within several months following the execution of the agreement of May 26, 1953, transferred all of the assets and properties of the business to him. Defendant refused to assent to the assignment of the leases to Colwes after such sale and transfer. By letter dated September 21, 1953, which was subsequent to the sale and transfer of the business, de-

fendant's attorney advised plaintiff's attorney to the effect that defendant would approve such assignment if plaintiff would pay defendant the sum of Fourteen Thousand, Four Hundred Fifty Dollars ($14,-450.00) and would also assign his interest in a contract he had for the purchase of real estate known as the "Lopez Property." This contract referred to in the letter was a contract between one Christine Cunningham, Executrix of the Last Will and Testament of James C. Lopez, deceased, and the plaintiff for the sale and purchase of land in the City of Santa Fe, New Mexico. At the time such letter was written the plaintiff, as the purchaser, had paid the sum of One Thousand Dollars of the total purchase price of Eight Thousand Dollars. Plaintiff paid defendant the said sum of Fourteen Thousand, Four Hundred Fifty Dollars ($14,450.00) and also assigned his interest in said contract to the defendant.

The first point defendant raises in its appeal is that the conditional nature of the alleged fraudulent representations made by it will not support the verdict or the judgment.

The defendant is a corporation and no issue is raised as to the agency or authority of any of the persons who represented or purported to represent it in the transactions involved in this suit. The plaintiff testified that one Brother Francis, principal of St. Michael's High School, was the person with whom he always did business on behalf of

the defendant; that before the agreement of May 26, 1953, was executed he went to the defendant's office, but was unable to see Brother Francis, but that he did talk to Brother Andrew, another of the defendant's agents; that he advised Brother Andrew of his intention of selling his business to Colwes and asked him "to check Mr. Colwes to see if they would accept the business rental." Plaintiff further testified that on May 24, 1953, he returned to defendant's office and talked to Brother Francis. A portion of the plaintiff's testimony with reference to this conversation is as follows:

"Q Did you have a conversation with Brother Francis?

"A Yes.

"Q Would you tell us, to the best of your recollection, what that was?

"A Well, I told him I wanted to sell my business and I wanted to transfer my leases, assignment, to Mr. Colwes.

"Q And what did Brother Francis say, if anything?

"A He said it would be all right so long as Colwes fulfilled—performed my covenants.

"Q Now, did he attach any qualifications to that statement?

"A No.

"Q Do you remember anything else that was discussed there at that time?

"A No, I do not.

"Q Did he finally state whether or not they would or would not approve the assignments?

"A He said they would approve it.

"Q With the provisions you mentioned?

"A Yes.

"Q That Mr. Colwes would agree to—

"A Perform their building covenants.

"Q Was there anything about your not having completed the building or the covenants?

"A No."

The testimony concerning the time of this conversation, the subject of it, and even whether it took place, is conflicting. In its statement of facts in its brief in chief the defendant says: "It was denied by Brother Francis that this conversation took place, or if it did he, Brother Francis, did not remember it." This appears to be a correct summary of Brother Francis' testimony on this point. The evidence is also conflicting as to whether in this conversation Brother Francis told the plaintiff that the assignments of the leases would be approved if Colwes performed the building covenants or if they would be approved if Colwes would agree to perform such covenants.

 This is an action founded in fraud. The essential elements required to sustain an action for fraud, are that a repre-

sentation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage. Pacific Royalty Co. v. Williams (C.C.A. 10, 1955) 227 F.2d 49; Equitable Life Ins. Co. of Iowa v. Halsey, Stuart and Co. (C.C.A. 7) 112 F.2d 302; Davis v. Wilson, 10 Cir., 276 F. 672; Standard Ins. Agency, Inc. v. Northeast Rapid Transit Co., 40 Ariz. 408, 12 P.2d 777. There must be a concurrence of all of these essential elements and without this there can be no actionable fraud. None of these elements can be presumed, but each must be shown by clear and convincing evidence. Berrendo Irrigated Farms Co. v. Jacobs, 23 N.M. 290, 168 P. 483; Frear v. Roberts, 51 N.M. 137, 179 P.2d 998; Equitable Life Ins. Co. of Iowa v. Halsey, Stuart and Co., supra; Standard Ins. Agency, Inc. v. Northeast Rapid Transit Co., supra; See, also, Kaye, v. Cooper Grocery Co., 63 N.M. 36, 312 P.2d 798.

The court instructed the jury that the burden was on the plaintiff to prove, by clear and convincing evidence, the material allegations of the complaint which are denied by the defendant. The court also specifically instructed the jury that in order for it to return a verdict in plaintiff's favor it must find from the evidence the various essential elements of fraud as hereinabove set forth, and that otherwise the verdict should be for the defendant. In Anderson v. Reed, 20 N.M. 202, 148 P. 502, L.R.A.1916B, 862, the court noted that the findings of the lower court were predicated upon facts and circumstances proven in the case, and quoted from Smith on the Law of Fraud, § 266:

"Fraud, therefore, is properly made out by marshaling the circumstances surrounding the transaction and deducing therefrom the fraudulent purpose where it manifestly appears, as by presenting the more positive and direct testimony of actual purpose to deceive; and, indeed, circumstantial proof in most cases can alone bring the fraud to light, for fraud is peculiarly a wrong of secrecy and circumvention, and is to be traced, not in the open proclamation of the wrongdoer's purpose, but by the indications of covered tracks and studious concealments."

In Telman v. Galles, 41 N.M. 56, 63 P.2d 1049, this court said:

"The intent with which an act is done is known only to the person who does it and can only be proved by circumstances unless he admits it himself."

The record discloses that the sale of plaintiff's business to Colwes was of sufficient magnitude to invoke a certain degree of care on the part of a reasonably prudent

man under the circumstances; that each of the four leases contained a similar provision concerning assignment and each had been in effect for some years before the proposed sale to Colwes; that plaintiff knew of these provisions; that he was a man of considerable business experience. In the ordinary course of business, a reasonably prudent man would certainly secure the consent of the lessor before selling his business under such circumstances and the jury had the right to consider these proven matters in arriving at its verdict.

Whether the defendant made the representations plaintiff asserts it made, the time of making them, if they were made, and the import and meaning of statements made by the witnesses are questions to be determined by the jury under proper instructions by the court. In determining these questions the jury had a right to consider all of the proven surrounding circumstances, including the age and business experience of the plaintiff, and to draw all reasonable and logical inferences from such circumstances as well as from the direct evidence.

It is a well settled rule that this court, on appeal, will consider the features of the transcript, and view the evidence in an aspect most favorable to the judgment and the party prevailing below. Fitzgerald, v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; Lindley v. Lindley, 67 N.M. 439, 356 P.2d 455; State ex rel. State Highway Commis-

sion v. Tanny, 68 N.M. 117, 359 P.2d 350. It is an equally well settled rule that this court will not disturb the findings of the jury where such are based upon substantial evidence. Vigil v. Atchison, T. & S. F. R. Co., 28 N.M. 581, 215 P. 971; Davis & Carruth v. Valley Mercantile & Banking Co., 33 N.M. 295, 265 P. 35; Horchheimer v. Prewitt, 33 N.M. 411, 268 P. 1026; Brown v. Cooley, 56 N.M. 630, 247 P.2d 868; Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071, and numerous other cases. This is true even though the evidence be conflicting. Anderson v. Reed, supra; Taylor v. Sarracino, 44 N.M. 469, 104 P.2d 742; Everett v. Gilliland, 47 N.M. 269, 141 P.2d 326; Werner v. City of Albuquerque, 55 N.M. 189, 229 P.2d 688; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806; Waldroop v. Driver-Miller Plumbing and Heating Co., 61 N.M. 412, 301 P.2d 521. In the latter case we held that the credibility of the witness is for the jury and not the court to determine, and that in jury trials, if there is substantial evidence to support the verdict of the jury, the courts will not consider whether a preponderance of the evidence will support the verdict. In Davis v. Campbell, 52 N.M. 272, 197 P.2d 430, and in Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016, we held that the weight of the evidence is not considered on appeal, rather only, if there is any substantial evidence to support the verdict in the court below.

These issues were submitted to the jury and the jury apparently found them in plaintiff's favor. Consistent with a long established rule, we must resolve all conflicts in favor of the successful party, and indulge in all reasonable inferences to support the judgment, and disregard all evidence to the contrary. Nally v. Texas-Arizona Freight, Inc., supra.

We find that there was substantial evidence upon which the jury could base its finding of fraudulent representations on the part of the defendant and that the evidence of the alleged conditional nature of such representations is not sufficient to warrant setting the findings of the jury aside.

The defendant also argues that the agreement of May 26, 1953, in which Colwes agreed with plaintiff that he would perform the building or improvement covenants contained in the several leases, can have no effect since it was not a party to it. We find this argument without merit. The jury apparently found that the defendant represented that it would approve the assignments of the leases to Colwes if Colwes would agree to perform the building covenants. In the argument of May 23, 1953, each of the four leases was described and the agreement contained the following provision:

"* * * subject to all the terms and conditions as to payment of rentals and construction of building therein pro-vided for which the purchaser agrees to assume and perform in all respects and to fully relieve the seller from any and all further liability and responsibility therefor * * *."

By this agreement Colwes assumed the obligation to perform the building covenants and a contract made upon a valid consideration between two or more parties for the benefit of a third party may be enforced by such third party if he accepts it after it is made, though he is not named in the contract or may not have known of it at the time. Johnson v. Armstrong & Armstrong, 41 N.M. 206, 66 P.2d 992; Hoge v. Farmers Market and Supply Co. of Las Cruces, 61 N.M. 138, 296 P.2d 476.

The second point made by defendant is that the amount of damages assessed by the jury is the result of passion, bias or prejudice and is not supported by the evidence.

It is well settled rule that this court will, on appeal, set aside the verdict of the jury if it appears that such is so excessive as to show that it was the result of passion or prejudice. Corcoran v. Albuquerque Traction Co., 15 N.M. 9, 103 P. 645. As stated in our consideration of defendant's first point, supra, it is equally well settled that the verdict of the jury will not be disturbed if it is supported by substantial evidence.

The total damage awarded by the jury was $19,000.00. That the plaintiff

paid the defendant the sum of $14,450.00 demanded in the letter of its attorney dated September 21, 1953, is not disputed. The jury having found the facts as it did was justified in awarding this amount as damages. If, then, the damages were excessive as argued by defendant, such would necessarily be in the award made on account of the assignment of the contract for the purchase by plaintiff of the so-called "Lopez" property, which amount must have been $4550.00. The evidence is undisputed that plaintiff had paid $1000.00 on his contract to purchase the property for $8,000.00. There is evidence to the effect that the reasonable value of the property at the time plaintiff assigned his purchase contract to defendant was $15,000.00, and the value of the property at such time was a question for the jury's determination. Under the "benefit of bargain" rule for damages as followed in this state, Stewart v. Potter, 44 N.M. 460, 104 P.2d 736, we cannot say that the award of $4550.00 for this item was excessive. See, also, Industrial Supply Co. v. Goen, 58 N.M. 738, 276 P.2d 509.

Defendant's argument that the amount of damages should be reduced by the amount, if any, due it by reason of the unperformed building covenants is likewise without merit. There is no evidence to the effect that defendant sustained loss on this account in view of Colwes' assumption of such covenants.

The third point argued by the defendant is that it was entitled to an instruction on estoppel.

The defendant tendered a requested instruction on estoppel which was, and we think correctly, refused by the trial judge. We need not determine whether the requested instruction was a correct statement of the law.

This entire case was tried on the theory of fraud and the jury had before it evidence of fraud on the part of the defendant. In order for the jury to find the issues in favor of the plaintiff it was bound first to find the defendant guilty of fraud. In the absence of fraud on the part of the defendant the instruction would be unnecessary, and if fraud was present it would be improper. It is well settled that the doctrine of estoppel is for the protection of the innocent and only the innocent may invoke it. One may not predicate estoppel on his own fraud or assert the defense for the purpose of securing to himself the benefit of his own fraudulent act. In other words, one who is guilty of fraud cannot urge estoppel against the opposite party for the purpose of making his own fraud effective. New York Life Ins. Co. v. Odom, 5 Cir., 93 F.2d 641; 31 C.J.S. Estoppel § 75, page 281. To permit the defendant to invoke the doctrine of estoppel against a situation created by his own fraud would certainly not be in keeping with the principles of equity and it is a

fundamental principle of equity that no one can take advantage of his own wrong. Honk v. Karlsson, 80 Ariz. 30, 292 P.2d 455; Edgington v. Security-First National Bank of Los Angeles, 78 Cal.App.2d 849, 179 P.2d 640; Mills v. Susanka, 394 Ill. 439, 68 N.E.2d 904.

For the reasons above stated the judgment of the lower court is affirmed.

IT IS SO ORDERED.

COMPTON, C. J., and MOISE, J., concur.

CARMODY, CHAVEZ, and NOBLE, JJ., not participating.