514 P.2d 31

Phil HAYS, Plaintiff-Appellee and
Cross-Appellant,

v.

Larry D. HUDSON, Defendant-Appellant
and Cross-Appellee.

No. 9669.

Supreme Court of New Mexico.

Sept. 7, 1973.

Olmsted & Cohen, Santa Fe, for appellant.

Standley, Witt & Quinn, John Quinn, Santa Fe, for appellee.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Santa Fe County to recover on a promissory note, to foreclose an assignment as collateral given as security for the note and for the sale of the property covered by the assignment as collateral. After trial by the court, judgment was entered in favor of the plaintiff on the note. Defendant appeals and plaintiff has cross-appealed.

Hudson, defendant, signed a promissory note in the amount of $52,068.00 bearing interest at the rate of 11.5% per annum, and assigned certain collateral in the form of two promissory notes and four accounts receivable. The total amount of these

notes and accounts listed to secure the promissory note was $121,093.81.

Hays, plaintiff, alleges that the value of the assigned collateral diminished during the course of time for various reasons and consequently it was not in fact security for the note; therefore, the note was an unsecured note. This allegation becomes important because § 50–6–16, N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962), reads:

"The interest rate shall be the rate agreed to by the parties, except that no interest rate shall be higher than twelve per cent (12%) per annum computed upon unpaid balances for the actual elapsed time during which such balances respectively are unpaid where the evidence of indebtedness of the loan is not secured by collateral security, and shall not exceed ten per cent (10%) per annum computed upon unpaid balances for the actual elapsed time during which such balances respectively are unpaid where the evidence of indebtedness is secured by collateral security; * * *."

■ 45 Am.Jur.2d, Interest and Usury, § 111, at 97 (1969), states that a contract is characterized as usurious or nonusurious by examining it at its inception. In this case, there is, and always has been, good security.

■ The agreement before us provided security for the loan at a rate of interest in excess of that allowed for secured indebtedness under § 50–6–16, supra, and was therefore usurious since the taking, receiving, reserving or charging of that rate was knowingly done. § 50–6–18, N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962).

■ The term "knowingly done," as used in § 50–6–18, supra, has never been clearly defined. We therefore adopt the rule stated in 16 A.L.R.3d, Usury and Profit Sharing, § 3, at 481 (1967), wherein it states:

"* * * [S]ince the conscious and voluntary taking of more than the legal rate of interest constitutes usury, *the only intent necessary on the part of the lender is to take the amount of interest which he receives,* and if that amount is more than the law allows the offense is complete, *no specific intent being necessary.*" (Emphasis added.)

To the extent that cases such as Priestly v. Law et ux., 33 N.M. 176, 262 P. 931 (1928); American Inv. Co. v. Lyons, 29 N.M. 1, 218 P. 183 (1923); Armijo v. Henry, 14 N.M. 181, 89 P. 305 (1907), are to the contrary, they are hereby overruled.

■ Defendant argues on appeal that plaintiff should not have been allowed to recover attorney fees expended to obtain payment of a debt upon which usurious interest was charged. Regardless of the decision to be had from the trial court on the issue of usury, we adopt the rule on attorney fees which is stated in 91 C.J.S. Usury § 59(a), at 641 (1955), as follows:

"*Provision for attorney's fees.* Although there are some decisions to the contrary, according to the weight of authority, when the effect thereof is not to render the contract void, but merely to forfeit the interest, usury in a loan *will not prevent the recovery of reasonable attorney's fees provided for, where suit is necessary to enforce the obligation to the extent permitted by law.* Attorney's fees will not be allowed, however, for attempts to collect the usurious portion of the interest." (Emphasis added.)

To the extent that Anderson v. Beadle, 35 N.M. 654, 5 P.2d 528 (1931), may be taken as authority to the contrary, it is overruled. Our reasoning is that, no matter what the rate of interest, the note must be paid. If attorney fees for collection are part of the agreement, they, as well as costs, must also be paid.

■ A cross-appeal by plaintiff alleges a series of special damages in the amount of $7,673.97 as expenses necessitated in checking up on the collateral assigned by defendant to secure his promissory note. Rule 9(g), Rules of Civil Procedure for the District Courts of the State of New Mexico (§ 21–1–1(9)(g), N.M.S.A.1953), states: "When items of special

**514**

damage are claimed, they shall be specifically stated." See Garver v. Public Service Company of New Mexico, 77 N.M. 262, 421 P.2d 788 (1966). The complaint does not reveal any pleading requesting special damages, nor was the complaint amended. A motion to amend was made, but never accepted by the court. The granting of such a motion was within the trial court's discretion. Pope v. Lydick Roofing Company of Albuquerque, 81 N.M. 661, 472 P. 2d 375 (1970). Having denied the motion to amend, the court's allowance of $1,088.-86 as special damages was improper.

Other issues raised by this appeal are without merit.

Reversed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.