This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MID-VALLEY AIRPARK PROPERTY OWNERS ASSOCIATION,**

Petitioner-Appellee,

v.                                                          **NO. 29,253 and 29,288**
                                                            **Consolidated**

**K.L.A.S. ACT, INC.,**

Respondent,

and

**LAWRENCE JOHNSON and SUNNY JOHNSON,**

Respondents-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Edmund H. Kase, District Judge**

Pedro G. Rael
Los Lunas, NM

for Appellee

Lawrence Johnson
Los Lunas, NM

Pro Se Appellant

Roderick L. DeAguero
Albuquerque, NM

for Appellant Sunny Johnson

# MEMORANDUM OPINION

**VIGIL, Judge.**

Petitioner Mid-Valley Airpark Property Owners' Association brought this action to foreclose on a lien placed on a lot owned by Respondents, Lawrence A. Johnson and his wife Sunny Johnson, for unpaid assessment fees owed to the Association. Respondents denied they owed the assessment, asserting that the lot is not within the Mid-Valley Airpark Association. They also subsequently asserted that the lot in question was actually owned by their son, Lawrence A. Johnson, Jr. The district court granted summary judgment in Petitioner's favor and refused to dismiss the suit on grounds that Petitioner failed to name a necessary party. We address: (1) whether there are material issues of fact about whether Respondents' land is within the boundaries of the Subdivision or otherwise subject to Petitioner's assessment fees; (2) whether Respondents' son is a necessary party; (3) Respondents' remaining arguments; and (4) whether Petitioner is entitled to an award of attorney fees on appeal. We affirm the district court order and grant Petitioner's motion for attorney fees.

**BACKGROUND**

Because the parties are familiar with the factual and procedural background of this case and, because this is a memorandum opinion, we do not provide a detailed description of the events leading to this appeal. We refer to the relevant background information in connection with each issue discussed.

**DISCUSSION**

**Standard of Review**

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992); *see* Rule 1-056 NMRA. Thus, whether summary judgment was properly granted presents a legal question, and our review is de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. In our review, we view the facts in the light most favorable to the non-moving party and indulge all reasonable inferences in support of a trial on the merits. *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 12, 135 N.M. 539, 91 P.3d 58. In addition, whether a person is a necessary party presents a question of law, which we also review de novo. *Shearton Dev. Co. v. Town of Chilili Land Grant*, 2003-NMCA-120, ¶ 16, 134 N.M. 444, 78 P.3d 525.

**There Are No Material Issues of Fact As to Whether the Property Is Subject to Petitioner's Assessment Fees**

The lot owned by Respondents was once part of "Lot A, Block 5 of the Mid-Valley Air Park Subdivision." In 1993, all of Lot A, Block 5 of the Mid-Valley Air Park Subdivision was re-platted, with "Tract A-1-A," consisting of the northern portion of the original Lot A and "Tract A-1-B," consisting of the southern portion of the original Lot A. In 2002, a revision to the original declaration of restrictions was recorded. The new covenants stated that they replaced the original covenants and that all property owners were members of the Mid-Valley Airpark Property Owner's Association and subject to its assessment fees. On the map attached as an exhibit to the new covenants, "Lot A1B" is included within the boundaries of the Subdivision but there is no reference to a "Tract A-1-A." Respondents admit ownership of Tract A-1-A but not Tract A-1-B and, therefore, assert that their tract is not within the Subdivision. However, the record demonstrates that the tract labeled "A-1-B" is mislabeled, because it also includes Tract "A-1-A." In 1993, when Lot A, Block 5 was re-platted as "Tract A-1-A" on the north and "Tract A-1-B" to the south, "Tract A-1-A" was depicted as being adjacent to the southern border of Lot 7, Block 5, of the Mid-Valley Airpark Subdivision. The lot labeled "Lot A1B" on the map attached to the 1992 revised covenants is in the identical location.

The mislabeling of the lot on the map does not change its physical location. We therefore conclude that there are no disputed material facts about whether Respondents' lot is physically located within the Subdivision.

Respondent Sunny Johnson argues that the property originally deeded to her husband is not within the Subdivision because a "new" Lot A of the Subdivision was created by a plat in 1974, and it was this Lot A that was restricted by the original declaration of restrictions. We disagree because the original declaration of restrictions references the property as described in the plat of 1970 and not the plat of 1974. We therefore reject this argument.

Respondents also argue that because the declaratory judgment entered in a separate quiet title action ordered that "Tract A-1-A" is not under the authority of Petitioner, Petitioner is precluded from enforcing the assessment fees against "Tract A-1-A" in this case. We disagree that the declaratory judgment has an issue preclusive effect on the present litigation. "In order for the doctrine of collateral estoppel to preclude relitigation of an issue, the party to be estopped must have been a party or in privity with a party to the first proceeding." *Sundance Mech. & Util. Corp. v. Atlas*, 118 N.M. 250, 254, 880 P.2d 861, 865 (1994). It is undisputed that Petitioner was not a party to the quiet action title. In addition, Respondents have not brought to our attention any facts or authority to establish that Petitioner was in privity

with any of the parties to the quiet title action. *See ITT Educ. Servs. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 ("[I]ssues raised in appellate briefs that are unsupported by cited authority will not be reviewed . . . on appeal." (second alteration in original) (internal quotation marks and citation omitted)); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ("This [C]ourt will not search the record to find evidence to support an appellant's claims.").

Respondents further argue that "Tract A-1-A" is not subject to the assessment fees because: (1) they did not want to be members of the Mid-Valley Property Owner's Association, (2) Petitioner was a competitor and not a predecessor to the Wood & Son Air Park Homeowner's Association, which was the entity that initially created the Subdivision and the restrictions, (3) the Wood & Son Air Park Homeowner's Association was never incorporated, (4) Petitioner did not receive the required number of votes by the homeowners of the Subdivision to amend the original declaration of restrictions, and (5) Lot A, Block Five was originally a lot designated for recreational use. Since Respondents fail to reference evidence in the record to support their assertions of fact or to cite authority to suggest why they are relevant to our determination, we do not consider these arguments. *See id.*

7

**Respondents' Son Is Not a Necessary Party**

After the parties completed briefing on Petitioner's motion for summary judgment, the district court issued a decision letter informing the parties that the motion would be granted. Respondents thereupon filed a motion for findings of fact and conclusions of law, and therein asserted, for the first time, that the action should be dismissed because their son, Lawrence A. Johnson, Jr., was the owner of the property when the suit was commenced. They contended this made him a necessary party, and since Petitioner had not joined him in the litigation, the suit must be dismissed. In support of this assertion, Respondents produced a deed transferring the relevant property to "Lawrence Johnson" and a subsequent deed signed by their son conveying the property to an entity named Johnson Family Lands Co., Ltd. After hearing both parties' arguments, the district court ruled that Respondents' son was not a necessary party, noting that the issue was raised rather late in the litigation. The district court therefore ordered that foreclosure proceed. Respondents then filed a motion to reconsider and set aside orders, which was also denied.

Under the circumstances, we question whether Respondents waived the issue they now argue on appeal. The absence of a necessary, indispensable party under Rule 1-019 NMRA is no longer considered to be a jurisdictional defect. *See C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 112 N.M. 89, 91, 811 P.2d 899, 901 (1991)

(overruling precedent holding that the absence of an indispensable party is a jurisdictional defect). Thus, a party may waive a nonjoinder objection if it is not timely raised. *See id.* at 92, 811 P.2d at 902 (stating that when a party had ample opportunity to bring the issue before the district court, but did not do so, and then seeks to obtain a technical escape from an adverse judgment, the issue is waived); *Little v. Gill*, 2003-NMCA-103, ¶ 20, 134 N.M. 321, 76 P.3d 639 (noting that the party could have avoided its procedural difficulties by acting timely, but did not do so).

However, assuming that Respondents timely raised the joinder issue, we address whether the son was a necessary party. Rule 1-019(A)(1) and (2) defines a necessary party in the following language:

> A person who is subject to service of process shall be joined as a party in the action if:
>
> (1) in his absence complete relief cannot be accorded among those already parties; or
>
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
>
> (a) as a practical matter impair or impede his ability to protect that interest; or
>
> (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not

been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

"The determination that a party is necessary involves a functional analysis of the effects of the person's absence upon the existing parties, the absent person, and the judicial process itself." *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 42, 132 N.M. 207, 46 P.3d 668 (internal quotation marks and citation omitted). In addition, the determination of whether a particular person is a necessary party is made in the context of the particular litigation. *State ex rel. Blanchard v. City Comm'rs of Clovis*, 106 N.M. 769, 770, 750 P.2d 469, 470 (Ct. App. 1988). Generally, in foreclosure actions, prior owners of the property subject to foreclosure no longer have an interest in the subject matter of the litigation and, therefore, are not necessary parties. *See Werner v. City of Albuquerque*, 55 N.M. 189, 192, 229 P.2d 688, 690 (1951). Here, when Respondents raised the joinder issue, the record owner of the relevant property was the Johnson Family Lands Co., Ltd. Thus even if Respondents' son was the owner of the property when the suit was commenced, he no longer had an ownership interest in the lot when the joinder issue was raised.

For the foregoing reasons, we conclude that Respondents' son was not a necessary party to the suit at the time the nonjoinder objection was raised, and the district court did not err in denying to add him as a party to this suit.

**Respondents' Remaining Arguments**

Respondent Sunny Johnson also argues that it was improper to dismiss K.L.A.S. from the suit, because the suit also seeks fees that were assessed when it owned the lot. However, K.L.A.S., as a prior owner of the property, was not a necessary party to this suit. *See Werner*, 55 N.M. at 192, 229 P.2d at 690.

Respondent Lawrence Johnson argues that the district court erred in including interest on the assessment fees and attorney fees in computing the amount of the foreclosure lien because Petitioner sought to collect "usurious interest." In this regard, we note that the district court stated its concern with the usury issue and reduced the interest rate awarded. In support of his argument, Mr. Johnson cites NMSA 1978, Section 56-8-9 (1980), Sections 56-8-12 to -14 (1957), *Maulsby v. Magnuson*, 107 N.M. 223, 755 P.2d 67 (1988), and *Hays v. Hudson*, 85 N.M. 512, 514 P.2d 31 (1973), *overruled by Maulsby*, 107 N.M. 223, 755 P.2d 67. However, these statutes and cases relate to commercial instruments and Mr. Johnson has not articulated a legal argument as to how they apply to his argument. We therefore do not consider his argument. *See ITT Educ. Servs.*, 1998-NMCA-078, ¶ 10 (stating that argument will not be considered where no authority for the proposition argued is cited); *Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that an appellate court will review pro se arguments to the best of its ability but cannot respond to unintelligible

11

arguments).

**Petitioner's Request for Attorney Fees on Appeal**

Petitioner filed a motion with this Court seeking an award of attorney fees for preparing answer briefs to Respondents' amended briefs in chief. Respondent Lawrence Johnson has filed a response in which he only acknowledges that the original brief in chief did not contain references to the record proper and transcript. As detailed below, the violations of our Rules of Appellate Procedure were much more numerous and profound than he acknowledges. Respondent Sunny Johnson has not responded to the motion. Pursuant to *State ex rel. New Mexico State Highway & Transportation Department v. Baca*, 120 N.M. 1, 4, 896 P.2d 1148, 1151 (1995), we grant the motion.

The record herein reflects that Respondent Lawrence Johnson filed a brief in chief on February 15, 2010, together with a motion to exceed the page limits requirements. The motion was denied, and Lawrence Johnson filed a second brief in chief on March 15, 2010, with attachments. This brief also exceeded the limitations, failed to refer to the transcript of proceedings, failed to refer to the record proper, failed to set a standard of review, and in several other respects, failed to comply with the Rules of Appellate Procedure. Petitioner filed an answer brief on March 31, 2010, pointing out the foregoing violations. Respondent Sunny Johnson filed a brief in chief

on April 5, 2010, which had the same deficiencies as Lawrence Johnson's brief in chief, which Petitioner pointed out in its answer brief filed on April 19, 2010. Respondents filed a motion to correct references to the record by filing amended briefs, and Petitioner objected. We then issued our order on May 6, 2010, granting Respondents leave to file amended briefs, and we also said we would "consider a motion seeking attorney fees for the cost of preparing the amended answer brief, should [Petitioner] file a proper motion seeking such relief." Lawrence Johnson then filed his "corrected" brief in chief on May 18, 2010, and Sunny Johnson filed her "corrected" brief in chief on May 21, 2010. Both "corrected" briefs in chief also violate various provisions of the Rules of Appellate Procedure. Petitioner filed an answer brief, in response to both of the "corrected" briefs in chief.

*Baca* teaches that "both trial and appellate courts must have inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." 120 N.M. at 4, 896 P.2d at 1151 (internal quotation marks and citations omitted). In this regard, "[a] court may award attorney's fees in order to vindicate its judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *Id.* at 5, 896 P.2d at 1152. Under the circumstances, we conclude this case warrants an award of attorney fees. Basic, fundamental Rules of

13

Appellate Procedure were violated. Moreover, the violations were profound, numerous, and repetitive. These violations severely hampered Petitioner's counsel and this Court in attempting to answer Respondents' arguments, and caused everyone to expend inordinate, unnecessary amounts of time researching the voluminous record to find basic facts.

We therefore award Petitioner attorney fees against Lawrence Johnson in the amount of $3,272.50, plus gross receipts tax in the amount of $243.39, for a total of $3,515.89. We also award Petitioner attorney fees against Sunny Johnson in the amount of $1,995.00, plus gross receipts tax in the amount of $148.38, for a total of $2,143.38.

**CONCLUSION**

For the foregoing reasons, we affirm the district court and grant Petitioner's motion for attorney fees.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

14

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**