LIBBY, MCNEILL & LIBBY

*v.*

MARY E. BANKS.

*Opinion filed April 20, 1904.*

1. TRIAL—*when plaintiff's case must go to the jury.* If the evidence in favor of the plaintiff, with all the legitimate conclusions to be drawn therefrom, fairly tends to support her case as laid in the declaration, the case must be submitted to the jury, whether such evidence is weak or strong.

2. SAME—*whether premises were properly constructed is a question of fact.* Whether the platform under which plaintiff was ordered to work, and by the falling of which she was injured, was properly constructed and maintained or whether it was negligently built or overloaded, are questions of fact where the evidence is conflicting.

*Libby, McNeill & Libby* v. *Banks,* 110 Ill. App. 330, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

F. J. CANTY, and R. J. FOLONIE, for appellant.

RICHOLSON & LEVY, (C. STUART BEATTIE, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action on the case for damages, brought by appellee, against appellant, for personal injuries sustained by her.

The only question arising on this record, except the refusal of one instruction, is whether the trial court erred, at the close of all the evidence, in refusing to give the peremptory instruction asked by appellant, who was the defendant below, directing the jury to find the issues for the defendant. A verdict was returned in favor of appellee. Judgment was entered on the verdict by the trial court, and this judgment, on appeal, was affirmed

by the Appellate Court, and a further appeal is prosecuted to this court.

The question before this court to decide, in the court's refusal to grant the peremptory instruction, is one of law, and not one of fact, the motion being in the nature of a demurrer to the evidence; that is, admitting the evidence in favor of the plaintiff to be true, does it, together with all legitimate conclusions which may be drawn therefrom, fairly tend to sustain the plaintiff's cause of action as laid in her declaration? If it does, then, as a matter of law, the plaintiff is entitled to have her case passed upon by the jury. And whether this evidence is weak or strong is not a question for this court, as the judgment of the Appellate Court, in respect to the facts, where there is any evidence fairly tending to support the judgment, is final and cannot be reviewed by this court. *Metropolitan West Side Elevated Railway Co.* v. *Fortin*, 203 Ill. 454.

The evidence discloses that on or about August 1, 1900, appellee, a woman forty years of age, was in the employ of appellant, and was working at the time on the third floor of the packing plant of appellant, sweeping and cleaning the rooms underneath a loft or platform on which were stored goods belonging to appellant, and while so engaged the loft fell, (there being on the loft, at the time it fell, four men, together with over three thousand pounds of goods stored thereon,) pinning appellee to the floor and permanently injuring her. The loft is described by appellant, in substance, as follows: It consisted of a platform about eight feet from the floor, sixteen feet long and approximately the same width. This was supported at the four corners and braced by supports descending from the ceiling down to the sides of the platform. Attached to the south and also to the north supports were planks running parallel with the floor and eight feet above it, which acted as joists at either end for the support of the same, and four-by-four beams running north and south supported the weight of

the material on this loft.  On these four-by-fours boards were placed, forming a flooring, and iron braces, consisting of rods, were attached to the wall.

The first count of the declaration, in substance, charges that plaintiff was ordered to sweep below the loft used by defendant as a store room, and thereupon it became and was the duty of the defendant to keep and maintain said loft in a proper and safe condition and repair, so as to not endanger the life and limb of plaintiff, yet the defendant did not regard its duty or use due care in that behalf, but, on the contrary thereof, then and there carelessly, negligently and wrongfully failed to keep said loft in proper and safe repair and condition, etc.  The second count alleges that defendant maintained a certain loft used as a storeroom; that the plaintiff was hired to perform certain services, to-wit, to sweep the floor below said loft, and in the course of her duty and employment did so, and then and there it became and was the duty of the defendant not to overload the said loft so as to endanger the life and limb of the plaintiff, yet the defendant did not regard its duty in that behalf, but negligently and wrongfully overloaded said loft, etc.

The evidence is conflicting in reference to the manner in which the loft was constructed, appellee claiming, and the evidence tending to show, that the south end of the platform rested against the dressing room and the other end of it rested on two-by-fours, and a two-by-four to keep it from shaking was nailed up against the building at the north-west, and was only supported by two scantlings.  Appellee also denied that there were iron braces or rods attached to the wall.

The evidence tends to show that the platform was built for the purpose of hanging beef to dry, and afterwards was also used to pile thereon such things as were necessary to be put out of the way, and at the time it fell there were piled upon it, besides the four men, 250,000 mince-meat cartons, tables, wrapping presses, barrels,

water tank, etc., in all weighing to exceed four thousand pounds. It was the appellant's duty to use reasonable care to provide the appellee with a safe place in which to work, and whether the structure was properly built and kept in a proper and safe condition, or whether the same was negligently and wrongfully overloaded and therefore unsafe, were questions of fact for the jury and not of law to be decided by this court, and after a careful review of the evidence we are of the opinion there is evidence tending to establish plaintiff's cause of action, and it was not error for the trial court to refuse the peremptory instruction.

It is also urged that the court's refusal to give a certain instruction, along with a series of instructions, was error; but it is sufficient to say of this refused instruction that it was upon the question of fellow-servant, and there was no evidence upon which to base it, and it was therefore not error to refuse it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*