[No. 1203, January 12, 1909.]

OLIVE CORCORAN, Appellee, v. ALBUQUERQUE TRACTION COMPANY, Appellant.

SYLLABUS.

1. In an action by a passenger for injuries against a street railway, evidence held sufficient to show that defendant's negligence was the proximate cause of the accident.

2. Unless it can be said that there is no substantial evidence to support it, a verdict will not be disturbed.

3. When a condition or quality is once shown to exist, the same will be presumed to continue until the contrary appears. Evidence of the condition of the step of the street car and the grating at the back of the step seven months prior to the accident admissible in an action against the street railway for injury to passenger alighting from a car.

4. A condition soon after an accident may sometime be shown where the circumstances are such as to justify the inference that the condition was the same as at the time of the injury.

5. When a verdict is so excessive as to show that it was the result of passion and prejudice it must be set aside.

6. It is fatal to appellant's objection to alleged improper remarks of counsel where the record fails to disclose any objection at the time of the alleged improper remarks.

7. Where special finding of jury shows that they were not misled by erroneous instruction the error was harmless. The charge in the complaint was that by reason of both the

starting of the car and the defective step and riser the appellee was thrown to the platform and her foot inserted in an opening in the defective riser, thereby receiving the injury, and the proofs were submitted in support of this theory and no other. The instruction, however, authorized a verdict for appellee in case of injury caused either by the starting of the car or by the defective step and riser. This instruction was clearly erroneous.

Appeal from the District Court for the County of Bernalillo before IRA A. ABBOTT, Associate Justice. Affirmed.

ALONZO B. MCMILLEN and THOMAS N. WILKERSON for Appellant.

If the evidence is so meagre as not in law to justify a verdict for the party upon whom the burden of proof rests, the court would be in the line of duty to so instruct the jury. Tex. & Pac. Ry. Co. v. Gentry, 163 U. S. 365; Commissioners v. Clark, 94 U. S. 284; Montclaire v. Dana, 107 U. S. 162; Marshal v. Hubbard, 117 U. S. 419; Gildersleeve v. Atkinson, 6 N. M. 266; Rosen v. U. S., 161 U. S. 43; Sparf v. U. S., 156 U. S. 100; Texas v. Gentry, 163 U. S. 365; Sou. Pac. Co. v. Johnson, 69 Fed. 265; Schofield v. Railroad Co., 114 U. S. 619; R. R. Co. v. Houston, 95 U. S. 697.

Incompetent or irrelevant evidence, though admitted without objection, will not justify the giving of instructions based thereon. Thompson v. Bowie, 4 Wall. 471; Hughes on Instructions to Juries, sec. 84 and cases cited, note 21, p. 75; Church v. Hubbart, 2 Cranch, star page 239; Michigan Bank v. Eldred, 9 Wall. 544-553; Ward v. U. S., 14 Wall. 28; Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291-299; U. S. v. Breitling, 20 Howard 252.

It devolved upon plaintiff to plead and prove that the alleged accident was caused by defendant's negligence, and the burden of proof was on her to establish such negligence.

It is error for the court to refuse to instruct the jury to disregard improper assertions of counsel on the argument. Commercial Fire Insurance Co. v. Allen, 80 Ala. 571, 1 South, 202; Chicago, etc., Ry. Co. v. Brogonier,

Corcoran v. Traction Co.

13 Ill. Ap. 467; Chicago, etc., Ry. Co. v. Pelligreen, 59 Ill. Ap. 558; Wheeler & Wilson Mfg. Co. v. Sterrett, 94 Ia. 158, 62 N. W. 675; Elliott on Appellate Procedure, sec. 672 and cases cited, note 2 on page 622; Ill. Cent. R. R. Co. v. Borders, 61 Ill. App. 55; Conway v. Shelton, 3 Ind. 334; Blizzard v. Applegate, 77 Ind. 716; State v. McCartney, 65 Ia. 522, 22 N. W. 658.

"When a verdict is so flagrantly excessive as to be only accounted for on the grounds of prejudice, passion, or misconception, a remittitur by the trial court as a condition of entering judgment does not remove the prejudice, passion, or misconception. Pittsburg, etc., Ry. Co. v. Story, 82 Ill. App. 539; Nicholson v. O'Donald, 79 Ill. App. 195; Am. Car. Co. v. Clark, 32 Ind. App. 644, 70 N. T. 828; Louisville, etc., Ry. Co. v. O'Mara, 25 Ky. L. R. 819, 76 S W. 402; Johnson v. Heath, Neb., 98 N. W. 832; Rees v. Rasmussen, Neb. 98 N. W. 830; City of La Salle v. Wright, 56 Ill. 294.

KLOCK & OWEN for Appellee.

Neither the verdict of a jury nor the findings of fact of a court will be disturbed on appeal when supported by substantial evidence. Candelaria v. Miera, N. M. 1906, 84 Pac. 1020; Kitchen v. Schuster, N. M. 1907, 89 Pac. 261; Stringfellow & Tannehill v. Petty, N. M. 1907, 89 Pac. 258; Clark v. Apex Gold Mining Co., N. M. 1906, 85 Pac. 968; Chicago and Northwestern Ry. Co. v. Ohle, 117 U. S. 129.

No fixed rule can be prescribed as to the time or the condition within which a prior or subsequent existence is evidential. When the existence of an object, condition, quality or tendency at a given time is in issue the prior existence of it is in human experience some indication of its probable persistence or continuance at a later period. I Wigmore on Evidence, sec. 437, pp. 514, 517; Hunt v. Dubuque, 96 Iowa 314, 65 N. W. 319; Dean v. Shoran, 72 Conn. 667, 45 Atl. 963; Birmingham Ur. Co. v. Alexander, 93 Ala. 133, 136, 9 So. 525; Stewart v. Evarts, 76 Wis. 35, 44 N. W. 1092, 20 Am. St. Rep. 20; 2 Enc.

of Ev. 924; Kingman v. Boston, Lynn Ry. Co., 181 Mass. 387.

Negligence may be charged in general terms and such general allegation of negligence is good as against a general demurrer. Louisville Ry. Co. v. Palmer, 13 Ind. App. 161; Pittsburg Ry. Co. v. Jones, 86 Ind. 496; Oldfield v. New York & Harlem R. R. Co., 14 N. Y. 310; Taylor v. Felson, 63 Ill. App. 624; Knox Co. v. Montgomery, 109 Ind. 69; Pa. Co. v. Marion, 104 Ind. 239; Dyer v. Pacific Ry. Co., 34 Mo. 127; San Antonio St. Ry. Co. v. Cailloutte, 79 Tex. 341; Clark v. Dyer, 81 Tex. 339; Chicago and W. I. Ry. Co. v. Bengenheimer, 116 Ill. 226, 4 N. E. 840; Enc. of P. & P. vol. 11, p. 181; Indianopolis & St. Louis Ry. Co. v. Horst, 93 U. S. 291; St. Louis and S. F. Ry. Co. v. Beets, Kans. 1907, 89 Pac. 683; Mobile and Montgomery R. R. Co. v. Jurey, 11 U. S. 584; Hartranft v. Langfelt, 125 U. S. 128.

An Appellate Court will not set aside a verdict because of remarks of counsel in addressing the jury unless objection be made at the time such remarks are uttered. Crumpton v. U. S., 138 U. S. 361; U. S. v. Donlap, 165 U. S. 486.

The verdict was not excessive. Vicksburg & Meridian R. R. Co. v. Putnam, 118 U. S. 545, 554.

### OPINION OF THE COURT.

PARKER, J.—Appellee brought an action for damages for personal injuries received by reason of the alleged negligence of appellant and the jury rendered a verdict for Two Thousand Dollars damages. They also made special findings as to whether the street car moved while appellee was in the act of boarding it and as to the number of the car in question. On motion for a new trial the court below compelled a remittitur down to Eleven Hundred Dollars damages and upon remittitur being filed overruled the motion and expressly refused to find the verdict for Two Thousand Dollars damages was the result of passion and prejudice on the part of the jury, holding, simply that the verdict was excessive for the injury suffered. Ap-

pellant presents several propositions which will be examined.

1.  The first proposition is that there was not evidence to sustain the verdict. In support of this contention it is first urged that admitting the testimony of appellee to be true, she fails to show that the accident was the result of appellant's negligence. It is true that appellee does not, in so many words, say that her fall was caused by the starting of the car while she was in the·act of stepping on, but, she does say "I then turned and raised my foot to step on the platform or the step and right in the act the car moved. And I·stepped right into the back of the step and fell on to the platform all at the same time; and my right foot was fastened in the back of the step and twisted over that way (indicating), and my whole weight went down on my foot." Here a sufficient cause is placed in juxtaposition with a consistent result and a legitimate inference may be drawn that the cause produced the result. Libby v. Banks, 209 Ill. 109; 29 Cyc. 590.

Another contention is made in support of this proposition which is to the effect that the evidence for the appellee is so overwhelmed by the evidence for the appellant that it is not sufficient to support the verdict. We do not deem it necessary to set out a resume of the proofs in this opinion. We have carefully examined the record, and, while it may be that a conclusion might be reached from the evidence differing from that reached by the jury, if it were within our province to draw such inference, still it cannot be said that there is no substantial evidence to support the verdict, and, therefore, it cannot be disturbed here. Candelaria v. Miera, 13 N. M. 360, 84 Pac. 1021; Clark v. Mining Co., 13 N. M. 416, 85 Pac. 968; Stringfellow & Tannehill v. Petty, 89 Pac. 258.

2.  The next proposition advanced is that certain evidence was improperly admitted over appellant's objection. A witness was permitted to testify to the condition of the step of car No. 3 in October, 1904, seven months prior to the accident and to the condition of the grating

above and back of the step corresponding to what is known by mechanics as a "riser" at the same date. Objection was made to the testimony in regard to the grate or riser on the ground that negligence in using a defective grate was not within the pleadings. An examination of the complaint, however, clearly discloses the charge that the injury resulted from two causes, viz: The starting of the car and the defective grate. This objection, therefore, was not well founded. It was further objected that the testimony was directed to a condition too remote from the accident, the question being as to what the condition was at the very time of the accident. This, of course, is the question, but, the evidence of such condition is not necessarily confined to such exact time. When a condition or quality is once shown to exist, the same will be presumed to continue until the contrary appears. 1 Wig. Evidence 437. This principle is often applied in a variety of circumstances. Lazarus v. Phelps, 156 U. S. 205; Leport v. Todd, 32 N. J. L. 138; Kidder v. Stevens, 60 Cal. 419; Lind v. Lind, 53 Minn. 51; Anderson v. Watt, 138 U. S. 706.

And a condition soon after an accident may sometimes be shown, as was also done in this case, where the circumstances are such as to justify the inference that the condition was the same at the time of the injury. Slack v. Harris, 101 Ill. Ap. 537; Kingman v. R. R. Co., 181 Mass. 387.

3. The next proposition is that the verdict was so excessive as to show that it was the result of passion and prejudice, and, consequently, the whole verdict must be set aside. Of course, the doctrine is well recognized, but its applicability to this case is doubted. The trial court expressly declined to so find, but simply found the verdict to be excessive. We have examined the record as to the character of the injuries received and their extent and duration as shown by the testimony, and, are unable to say that they were so trivial as to show that the jury gave then no candid consideration but were simply led to their verdict by passion and prejudice. The plain-

tiff suffered an injury and the jury simply overestimated that injury as the trial court found.

4. The next proposition is as to certain improper remarks by counsel for appellee to the jury in disparagement of the witnesses for appellant. We do not understand from the record whether the trial court found that the remarks were in fact made, and his refusal of instructions on the subject do not disclose such finding; but, aside from the question of fact involved, the record fails to disclose any objection at the time of the alleged improper remarks. This is fatal to appellant's objection. Crumpton v. U. S., 138 U. S. 361; Thomp. Trials, sec. 962; Learned v. Hall, 136 Mass. 417; Powers v. Mitchell, 77 Me. 361; Dowell v. Wilcox, 64 Ia., 721, 724; State v. Degonia, 69 Mo. 486; Barbour v. McKee, 7 Mo. Ap. 587.

5. Objections are made to giving and refusing of instructions which will be considered together. It is first objected that the instruction of the court is based upon evidence as to the condition of the car which it is alleged was incompetent. This objection cannot be sustained as we have already seen the evidence was competent and the instruction based upon it was, therefore, proper.

It is further objected that the court refused instructions requested by appellant warning the jury to disregard any remarks of counsel not authorized by the evidence. The instructions asked were entirely proper in form but the court had already directed the jury in this regard, and, as we think, with sufficient clearness.

The principal objection to the instructions arises out of the giving by the court of its own motion the following instruction:

"If you believe from a preponderance of the evidence that the plaintiff got upon a car of the defendant company which it was running in the course of its business as a common carrier of such persons as might choose to become passengers on it, and while upon said car was injured through the negligence of the defendant, its agents or servants, either in their putting the car in motion as the

plaintiff was in the act of getting upon it, or in providing and using a car in its said business which was in the defective condition alleged by the plaintiff in her complaint, provided that such defective condition was the cause of the injury to the plaintiff, and that she did not contribute to said injury through her own negligence, you should find the issues for the plaintiff.

This instruction is both without the pleadings and the proofs.' The charge in the complaint is that by reason of both the starting of the car and the defective step and riser the appellee was thrown to the platform and her foot inserted in an opening in the defective riser thereby receiving the injury, and the proofs were submitted in support of this theory and of no other. The instruction, however, authorizes a verdict for appellee in case of injury caused either by the starting of the car or by the defective step and riser. In this it was clearly erroneous but the question remains whether it was a harmless error. The jury in addition to the general verdict made a special finding of fact that the car which appellee attempted to board moved while she was in the act of boarding it and before she fell upon the platform. They thus clearly showed that they found their verdict upon the issues presented by the pleadings and supported by the proofs and were in no way mislead by the erroneous instruction. Counsel for appellee seek to justify the instruction in the form given by reason of some general allegations in the complaint, but it is not necessary to determine whether the same can be properly done. The error, if it was an error, was a harmless one and appellant cannot complain.

This disposes of all of the assignments of error, and, for the reasons stated, the judgment of the court below will be affirmed and, it is so ordered.