E. W. Hilker, Appellant, v. Peter Radcliff, Appellee.

464

term, 1933. Heard in this court at the October term, 1933. Opinion filed March 12, 1934.

Harry Faulkner, for appellant; Henry B. Eaton, of counsel.

M. R. Sullivan, for appellee.

Mr. Presiding Justice Edwards delivered the opinion of the court.

This is an action in assumpsit by appellant to recover from appellee the sum of $19,680.68, being an advancement of $2,500 alleged to have been paid out at appellee's request, and the remainder for work, labor and materials, expended in the erection of a garage by the appellant for the appellee.

The declaration charges that on January 24, 1928, the Union Trust Company of East St. Louis, as trustee, was the owner of a certain parcel of ground in Madison county, near the junction of State Highway Routes Nos. 3 and 4; that appellee desired to purchase the westerly 100 feet of same, while appellant wished to buy the easterly 100 feet; that appellee requested appellant to advance for him, and pay to the owner, the sum of $2,500, for the westerly half of such lot, and promised, in consideration thereof, to repay such sum to appel-

lant, who did thereupon pay to the owner, for the appellee, said sum of money, and did also pay, for his one-half thereof, the sum of $2,250; that appellee requested the owner to make, to appellant, a deed to all of such premises, which was accordingly done; also, that on February 12, 1928, appellee requested appellant to erect for him a garage on the westerly 100 feet of such lot, appellant to furnish all labor and materials, and to be paid the reasonable worth therefor, and in addition, 10 per cent for his services; that appellant accepted the proposal, and erected the garage; but that appellee, though requested, refused to pay appellant such sum so advanced, or for the cost of the garage.

To this was pleaded the general issue, and three pleas of the statute of frauds, — namely, that the contract was oral, and not to be performed within a year; that it was for the sale of an interest in real estate, not manifested by any note or memorandum in writing; and that the agreement was void for the reason that it was a verbal declaration of trust, whereas, by such statute, all declarations of trust are required to be evidenced by some instrument of writing.

There was a trial before the court and a jury. At the conclusion of the appellant's case, the court, after motion made by appellee, directed a verdict for him, following which judgment was entered, and from which this appeal has been taken.

Upon motion to direct a verdict, which is, in effect, a demurrer to the evidence, its truth is admitted for the purpose of the motion, and likewise every fact and conclusion in favor of the opposite party, which the evidence conduces to prove; or, differently stated, every fact which the jury might reasonably have inferred from it, in favor of such opposite party. The only question which the trial court is called upon to determine, at the hearing of such motion, is whether the record contains any evidence which, assuming its truth,

fairly tends to prove the material averments of the declaration. *Libby, McNeill & Libby v. Banks,* 209 Ill. 109; *Chicago & N. W. Ry. Co. v. Dunleavy,* 129 Ill. 132.

Considering first the claimed agreement as to the $2,500, advanced for the purchase of the lot, the evidence fairly tends to prove that appellant paid same to the owner at the request of, and for the benefit of, appellee, and that the deed to the entire tract, at the request of appellee, was made to appellant. There is nothing from which it might be inferred that the latter was taking any beneficial interest in the westerly 100 feet of the lot, or acquiring any title thereto. The most that can be said is that he permitted the conveyance of the portion of the tract, which appellee was purchasing, to be made to him, as a security for the $2,500 which he had advanced for the appellee, and which the evidence tends to prove the latter owed him.

If the funds, so paid, were in truth a loan to appellee, then the appellant held title to the westerly 100 feet of the lot, as a resulting trust for appellee, in the nature of a security, and the latter would have the right to redeem therefrom; and in such event the statute of frauds would have no application. *Reeve v. Strawn,* 14 Ill. 94, 96; *Cramer v. Hoose,* 93 Ill. 503; *Towle v. Wadsworth,* 147 Ill. 80, 96; 65 Corpus Juris, 422, sec. 184. The resulting trust arising by operation of law was not required to be evidenced by any writing. *Towle v. Wadsworth, supra.* The arrangement, in effect, being a mortgage, and not an agreement for the sale of land, or any interest therein, the appellant might foreclose the lien in equity, or sue in assumpsit for the money so loaned. *Palmer v. Harris,* 100 Ill. 276; *Vansant v. Allmon,* 23 Ill. 30; *Rogers v. Meyers,* 68 Ill. 92.

Whether the transaction, relative to the $2,500 advancement, was a loan, or otherwise, was a question of fact. Appellant introduced some evidence bearing upon the question, which fairly tended to prove that it

was a loan. He was entitled to have the jury pass upon and decide the question of fact, and we think the court erred in taking the question from the jury.

It is urged that appellant should have proven a tender of a deed to the westerly 100 feet in question, before bringing suit; the answer to which is that appellee, upon demand by appellant, refused to pay or further perform.

An actual tender is not necessary, when, from the acts of the other, or from the situation, it would be useless, or an idle ceremony. If the other party has openly refused to perform on his part, then a tender is not necessary before bringing suit. *Scott v. Beach,* 172 Ill. 273, 278.

As to the alleged contract for the construction of the garage, it appears from the evidence that no specified time was fixed for its erection; hence it might have been completed within a year of the date of the execution of the contract.

As to the applicability of the statute of frauds in such situation, the rule is stated in 27 Corpus Juris, 178, sec. 96: "In general, an oral agreement to do some particular act, which fixes no definite time for its performance, but which, in view of the understanding of the parties and of its subject matter, is capable of full performance within one year after the making thereof, is not within the statute. Where this is the case, it does not matter that the parties may have held the opinion that work under the contract might be extended beyond the period of one year, or that, as a matter of fact, the performance actually did extend over a greater period than one year."

In *Hulse v. Hulse,* 155 Ill. App. 343, this court held that if a contract may by any contingency be performed within one year, it is not within the statute of frauds.

The claimed contract for the erection of the garage was not obnoxious to the provisions of the statute of

frauds, requiring all contracts, not to be performed within one year from the making, to be evidenced by some note or memorandum in writing, signed by the party to be charged, or by his agent duly authorized in writing. Nor does it contravene the section of the statute which prohibits the sale of lands, or an interest therein, unless the contract be evidenced by some writing to be signed by the parties. ''A verbal agreement to make or pay for improvements on land is one for labor and materials, or for payment therefor, and is not within the operation of the statute.'' 27 Corpus Juris, 196, sec. 135.

Appellant was denied the right to have the jury pass upon the questions of fact involving his right to recover. We think there was sufficient evidence fairly tending to establish appellant's case, to require its submission to the jury, and that the court erred in directing a verdict for appellee. For which reason the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*