417 P.2d 201

Nettie A. GLASS, Administratrix of the Estate of Billy Morrison Glass, Deceased, and David A. Grammer, Administrator of the Estate of Burl Ronald Sutherland, Deceased, Plaintiffs-Appellants,

v.

STRATOFLEX, INC., Defendant-Appellee.

No. 7894.

Supreme Court of New Mexico.

July 25, 1966.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., John R. Cooney, Albuquerque, McRae, Ussery, Mims, Ortega & Kitts, Albuquerque, for appellants.

Iden & Johnson, R. G. Cooper, James T. Paulantis, Albuquerque, for appellee.

## OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

These consolidated cases are before this court on appeal from a judgment entered pursuant to verdicts of a jury finding the issues in favor of defendant and against plaintiffs.

On September 11, 1962, plaintiffs-decedents were making a delivery of propane from a tank truck into a stationary storage tank through a two-inch delivery hose, which was identified as having been manufactured for and sold by defendant. The date of the manufacture of the hose was undetermined, but it had been installed in either 1957 or 1958 at the truck stop, where the delivery of propane was being made, and which is located on U. S. Highway 66 in Bernalillo County, New Mexico.

After arriving at the truck stop and making the necessary connections between the tank truck and the storage tank for the delivery of the propane, decedents commenced their delivery operations and then went to a cafe about 100 feet distant. They had been in the cafe just a short time when they heard a loud "whoosh." They immediately ran from the cafe toward their truck, and very shortly after they reached the truck the escaping gas in some way became ignited and they received burns from which they died.

The gas was escaping through a rupture in the two-inch Stratoflex carbon steel wire braid hose. The hose consisted of an inner tube of neoprene, covered with a carbon steel wire braid for reinforcement, and an outer cover of rubberized material.

The theory of plaintiffs, insofar as it is material to this appeal, is that the hose, although manufactured by United States Rubber Company, was manufactured upon the order of the defendant and pursuant to defendant's design; that defendant had negligently designed the hose; and that defendant had negligently failed to warn of the dangers associated with the use of the hose.

The sole point of contention on this appeal is that the trial court erred in refusing plaintiffs' tender, as a part of their case in chief, of the deposition of Ed T. Sabin, Administrator of the Liquified Petroleum Gas Administration, State of Okla-homa, and their tender of portions of this deposition on rebuttal.

Plaintiffs' position is that this deposition was admissible as evidence of actual notice or knowledge by the defendant of the potential danger connected with the use of this hose.

The deposition consists of 55 pages of testimony and several exhibits. Much of the deposition is objectionable as hearsay, as well as being questionable for other reasons. However, plaintiffs state that they were not offering the deposition for the truth of the statements, but only as evidence that defendant had notice or knowledge of the dangers connected with the use of its wire braid hose.

Mr. Sabin testified that several accidents had happened in Oklahoma by reason of the rupture of carbon steel wire braid hoses. On June 13, 1960 the members of the board of the Liquefied Petroleum Gas Administration held a meeting. It was decided at this meeting, as a matter of board policy, to issue a warning by way of a form letter to the effect that "wire-braid" hose was not suitable for L-P gas. This warning letter was dated July 1, 1960 and referred to "wire-braid" hose having ruptured on several occasions, and the addressees were advised they should start at once to replace any wire braid hose now being used.

A copy of this letter was sent to all L-P gas dealers in Oklahoma, and to some other companies, including hose companies. How-

ever, no record was kept as to the names or number of persons to whom this letter was sent, except for the L-P gas dealers in Oklahoma. Mr. Sabin testified that he could not say whether "any one person or any twenty persons got it." He did feel sure United States Rubber Company got one. He had no idea as to whether defendant was one of the persons to whom a copy of this letter was mailed. He was not too familiar with the defendant. He was not familiar with the particular type hose involved in the present case. He knew there were many types of wire braid hoses. He was unable to state, or to furnish any record or information, as to the number of ruptured hoses which had come to the board's attention, or as to the age or manner in which such hoses had been used or treated. He testified that he doubted if he "could recite a specific case where the rupture of a hose was laid directly to carbon steel wire braid hose, where that was considered the cause of the accident."

The deposition also contained references to many matters which occurred subsequent to the date of the warning letter and had no connection with the letter or the reasons for its issuance.

Plaintiffs urge that they had established by other competent evidence that carbon steel wire braid hose was potentially dangerous, and now, regardless of the correctness of the decision by the Oklahoma board in writing the letter, or the truth and nature of the information upon which the board acted, and regardless of the question of whether defendant had ever been mailed a copy of the letter, they were still entitled to have the entire deposition received into evidence for the single purpose of showing notice or knowledge by the defendant that the use of carbon steel wire braid hose was potentially dangerous. They contend there was sufficient foundation for an inference that defendant either received a copy of the letter, or in some other way was made aware of its contents or of the board's action in issuing the letter.

The trial of the case consumed a full week, and the trial judge, who heard all the evidence, refused to admit the deposition, and again refused to admit the portions thereof offered on rebuttal. In the light of all the evidence, and the doubtful probative value of any portions of the deposition to establish notice or knowledge on the part of the defendant, we are in no position to say that the trial court abused its discretion. The determination of relevancy and materiality of any offered evidence, as to any particular issue, rests largely within the trial court's discretion. Elliott v. Black River Electric Cooperative, 233 S.C. 233, 104 S.E.2d 357, 370, 74 A.L.R. 2d 907; Atlanta Joint Terminals v. Knight, 98 Ga.App. 482, 106 S.E.2d 417, 422, 79 A.L.R.2d 539; 20 Am.Jur., Evidence, § 247 at 240–241; 31A C.J.S. Evidence § 159, at 435. See also Transwestern Pipe Line

Company v. Yandell, 69 N.M. 448, 459, 367 P.2d 938; Garrett v. Howden, 73 N.M. 307, 311, 387 P.2d 874.

█ █ The fact that one of the defendant's witnesses testified that at the request of various agencies of other states the defendant, in conjunction with United States Rubber Company, caused the defendant's hose to be examined, tested and approved by the Underwriters Laboratory, did not make the portions of the deposition then offered on rebuttal any less objectionable, and did not operate to then make the tendered portions material and relevant upon the issue of notice or knowledge. The determination of the materiality and relevancy of rebuttal testimony, like evidence offered upon any issue at any other stage of the trial, lies largely within the discretion of the trial court. See McCormick, Evidence, § 152 at 315; California Sugar & White Pine Co. v. Whitmer Jackson & Co., 33 N.M. 117, 127, 128, 263 P. 504. See also authorities cited above.

█ The deposition, and the portions thereof which were offered on rebuttal, were also properly refused by the trial court because the tenders included matters which were largely hearsay and matters which could not possibly relate to the question of whether or not defendant received a copy of the warning letter from the Oklahoma board, or the question of whether or not defendant had notice or knowledge of the claimed dangers inherent in its product.

Plaintiffs' position is that:

"* * * the operative fact was that the Oklahoma Board had sent the warning letter * * *. The evidence showing the reason for the Oklahoma Board's action which is alleged to constitute hearsay was not, therefore, offered to prove the truth of the matter asserted. Such evidence showed only the reason for the Oklahoma Board's action, and thus the important fact is that the Board had received reports of the dangers associated with the use of the hose, and whether such reports were in fact true was not in issue.

"* * * *. The portions of the offered evidence which are alleged to constitute hearsay were not offered, then, to prove that the hose was unsafe, but merely to show that the Oklahoma Board believed the hose to be unsafe because of the same defects as those shown by the plaintiffs, and that this 'state of mind' on the part of the Oklahoma Board is what compelled it to issue the warning letter."

█ If the fact that a statement was made becomes relevant to an issue in the case, evidence of an out-of-court utterance of the statement is admissible, not for the purpose of proving the truth of the matter stated, but merely for the purpose of estab ·

lishing the fact that the statement was made. McCormick, Evidence, § 228 at 463–464; 6 Wigmore, Evidence, § 1770 at 190 (3rd Ed. 1940); II Jones, Evidence, § 271 at 521 (5th Ed. 1958).

■ However, this rule of evidence does not embrace the telephone calls and other communications from unknown and unnamed persons concerning reputed ruptures in wire braid hoses which were not relevant to the issue of notice or knowledge by the defendant of inherent danger in its product.

■ An utterance by one person, which is offered only to evidence the state of mind which ensued in another person in consequence of the utterance, is admissible insofar as the hearsay rule is concerned. Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259; McCormick, Evidence, § 228 at 464; II Jones, Evidence, § 271 at 522 (5th Ed. 1958). However, the state of mind which ensued as a result of the utterance must be relevant to an issue in the case.

■ If, as plaintiffs contend, the important or operative fact was that the Oklahoma Board sent the warning letter, then neither the board's state of mind, if in fact it can be said the board had reached a state of mind, the hearsay reports which occasioned this state of mind, nor the many matters referred to in the deposition, which occurred subsequent to the date of the warning letter and which in no way relate to the same or the reasons for its issuance, was of any importance to a determination of the question of notice to or knowledge by defendant. The important fact to be determined on this question was whether or not the defendant had received the warning letter, and thus had been put on notice. What the board may have believed, and the hearsay matters upon which this belief was predicated, and many other matters contained in the deposition, were not relevant to the issue. If, in fact, the belief or state of mind of the board, and the hearsay matters which came to the board's attention to cause such belief or state of mind, had any probative value, such would have been to prove the plaintiffs' contention that the hose was dangerous, and the admission of the tenders for this purpose would admittedly have been improper.

■ Thus, assuming only for the sake of argument that there were some portions of the deposition which may have been properly admitted for the purpose of establishing either notice or knowledge on the part of the defendant, either as a part of plaintiffs' case in chief, or by way of rebuttal, the plaintiffs cannot be heard to complain of the court's refusal of their tenders, when the tenders included inadmissible matters. I Wigmore, Evidence, § 17 at 320. (3rd Ed. 1940); Berkshire v. Harem, 181 Or. 42, 178 P.2d 133; Smith v. White, 231 Or. 425, 372 P.2d 483. See also 26A C.J.S. Depositions § 91 b, at 437.

**602**

Finding no error on the part of the trial court in refusing the tenders made by plaintiffs, it follows that the judgment must be affirmed. It is so ordered.

CARMODY, C. J., CHAVEZ, and MOISE JJ., and E. T. HENSLEY, Jr. Chief Judge, Court of Appeals, concur.