528 P.2d 663
**Joe C. PHILLIPS and Wyama Phillips, his wife, Plaintiffs-Appellants,**

**v.**

**Stephen SMITH, a minor, Defendant-Appellee.**

**No. 1132.**

Court of Appeals of New Mexico.
June 26, 1974.
Rehearing Denied Sept. 5, 1974.
Certiorari Denied Oct. 24, 1974.

Bivins & Weinbrenner, Las Cruces, Malcolm McGregor, El Paso, Tex., for plaintiffs-appellants.

Edward E. Triviz, Las Cruces, for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiffs, husband and wife, appeal from a judgment in their favor entered pursuant to a jury verdict, alleging 13 points of error.

We affirm.

The facts are these: Plaintiffs pursued the avocation of raising gamecocks. They had built various structures to house their birds and equipment. These structures and equipment were partially destroyed in a fire together with some medicines, feed and some of the birds. The fire was started by the defendant, a seven year old neighbor boy. Defendant had come onto plaintiffs' property to return a puppy and while there touched a lighted match to some straw to see if it would burn.

Plaintiffs' first three points will be considered together:

"(1) The trial court erred in denying the plaintiffs' motion for summary judgment on the issue of liability;

(2) The trial court erred in denying the plaintiffs' motion for an instructed verdict on the issue of liability at the close of the defendant's evidence;

(3) The trial court erred in denying the plaintiffs' motion for an instructed verdict on the issue of liability at the close of the evidence."

Plaintiffs in their amended complaint alleged that the defendant was negligent in starting the fire. The defendant answered denying negligence due to his immaturity. The issue basic to plaintiffs' three motions is whether there was a material issue of fact present for the jury to determine; if there was then the trial court did not err in denying these motions.

"In determining whether or not a question of fact has been raised on any proper issue in the case, the trial court must view the evidence in its most favorable aspect to support the party raising the issue, and indulge all reasonable inferences or conclusions to be drawn from the evidence. If reasonable minds cannot differ as to the result to be reached from a consideration of the evidence, and all inferences to be drawn therefrom, then, and only then does the issue become one of law to be determined by the court and to be taken from the jury." Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966).

The answer to the basic issue in turn depends on whether the trial court correctly determined that the question of the defendant's negligence was a factual one to be determined by the jury.

 Questions of negligence or contributory negligence on the part of children are not usually susceptible of summary judgment adjudication or of determination as a matter of law because the test is a subjective one which depends upon the particular child's age, mental capacity and experience. The trial court's fourth instruction was New Mexico Uniform Jury Instruction No. 12.5 which reads as follows:

"A child is not necessarily held to the same standard as an adult. By the term 'ordinary care' with respect to a minor I mean that degree of care which a reasonably careful child of the age, mental capacity, and experience of the defendant would use under circumstances similar to those shown by the evidence."

Furthermore, assuming the trial court erred in denying the motions we fail to see how plaintiffs were harmed. See § 21-2-1(17)(10), N.M.S.A.1953 (Repl.Vol.1970). The jury found for plaintiffs on liability. They assert that an unnecessary battle by the jury on the question of liability led it to compromise on the award. This is pure speculation. The trial court did not err in refusing all three of plaintiffs' motions.

Plaintiffs' fourth point was:

"(4) The trial court erred in giving its instruction No. 4 which charged the jury on the standard of care applicable to a child."

This point is without merit. The instruction is a correct statement of the law applicable to this case which the trial court was obliged to give.

Section 21-1-1(51), subd. 1(c), N.M.S.A.1953 (Repl.Vol. 4) provides:

"Whenever New Mexico Uniform Jury Instructions (U.J.I.) prepared by the New Mexico Supreme Court Committee on Uniform Jury Instructions and approved by the Supreme Court for publication contains an instruction applicable in the case and the trial court determined that the jury should be instructed on the subject, the U.J.I. instruction shall be used unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons."

Plaintiffs' fifth and sixth points will be considered together.

"(5) The trial court erred in refusing to give plaintiffs' requested instruction No. 19 concerning the liability of a trespasser for an intentional tort;

(6) The trial court erred in refusing to give plaintiffs' requested instruction No. 20 concerning the status of a person lawfully on property who goes where he is not authorized."

The requested instructions which were refused are:

"No. 19. You are instructed that if a person (including a young child) trespasses upon the property of another and while there commits an intentional act, he is liable to the property owner for the results of that act even though he may not have intended the consequences of such act."

and

"No. 20. A person may become a trespasser even though he might initially go upon the property of another for a lawful or authorized purpose, if after he accomplishes such purpose he thereafter remains upon the property without the permission of the property owner or goes to other places on the property where he has no authority to go."

Assuming but not deciding that these instructions were correct statements of the law, the plaintiffs were not prejudiced by the trial court's refusal to give them inasmuch as the jury found in their favor on the issue of liability. Corcoran v. Traction Co., 15 N.M. 9, 103 P. 645 (1909); State v. Davis, 64 N.M. 399, 329 P.2d 422 (1958).

Plaintiffs' points seven through eleven will be considered together:

"(7) The trial court erred in refusing to admit testimony showing that Mike Devlin was working on behalf of defendant;

(8) The trial court erred in refusing to admit testimony that Mike Devlin was an adjuster working for the defendant's insurance company;

(9) The trial court erred in refusing to admit testimony showing that Mike Devlin determined that plaintiffs' damage figures were fair;

(10) The trial court erred in refusing to admit testimony showing how Mike Devlin arrived at his decision that plaintiffs' damage figures were fair;

(11) The trial court erred in refusing to admit the testimony of plaintiff, Joe Phillips, concerning the reason given by Mike Devlin for not paying plaintiffs' claim."

Points (7), (8), (9) and (10) refer to the deposition of Mike Devlin, an independent insurance adjuster, hired by defendant's insurance carrier to investigate the fire. Point (11) deals with a statement made by Devlin to the plaintiff Joe Phillips as to why the insurance company refused to settle when at first it appeared to be inclined to do so.

The trial court allowed most of the deposition testimony, sustaining objections to those parts concerning the fact that Devlin had been hired by defendant's insurance carrier. Much of this testimony corroborated plaintiffs' evidence concerning damages. The trial court did not permit the plaintiff, Joe Phillips, to testify about the reason given by Devlin for not paying plaintiffs' claim because it would have alerted the jury to the fact of insurance.

Plaintiffs assert that evidence of insurance is admissible if it is relevant. Assuming but not deciding that it was relevant in this case it still may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See generally § 20-4-403, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973). We cannot say as a matter of law that the trial court abused its discretion in excluding this evidence.

Plaintiffs also contend that they were entitled to have the jury know what Devlin's interest in the matter was. They

cite authority supporting the rule that the interest or bias of a witness may be brought out on cross-examination. Plaintiffs' contention is not well taken for several reasons. Devlin was plaintiffs' witness and this was not cross-examination but rebuttal testimony. Most of Devlin's testimony was cumulative and corroborative of evidence presented by plaintiffs in their case-in-chief. Any bias or interest that Devlin may have had was not prejudicial to plaintiffs. The admission of evidence in rebuttal lies in the sound discretion of the trial court. Glass v. Stratoflex, Inc., 76 N.M. 595, 417 P.2d 201 (1966); Cal. Sugar & White Pine Co. v. Whitman Jackson & Co., 33 N.M. 117, 263 P. 504 (1928); Buzzard v. Mapco, Inc., 499 S. W.2d 352 (Texas Ct.Civ.App.1973).

It also is discretionary with the trial court to exclude rebuttal evidence which is properly part of the case-in-chief or merely cumulative thereof. Cal. Sugar & White Pine Co. v. Whitman Jackson & Co., supra; Downey v. Weston, 451 Pa. 259, 301 A.2d 635 (1973).

The conversation between Devlin and the plaintiff Joe Phillips as to the reason the insurance company had decided not to settle was also rebuttal testimony. It is axiomatic that a party is entitled to introduce evidence to rebut that of his opponent. However, there was nothing to rebut here as the defendant had introduced no evidence concerning this conversation of a possible settlement. The trial court did not abuse its discretion.

Plaintiffs' final two points were:

"(12) The trial court erred in refusing to grant plaintiffs' motion for a new trial as the verdict of the jury was not supported by substantial evidence;

(13) The trial court erred in refusing to grant plaintiffs' motion for new trial as the verdict of the jury reflects passion, prejudice, partiality, sympathy, or a mistake as to damages."

The law applicable to these two points is well established:

"The granting or denial of a motion for a new trial rests within the sound discretion of the trial court, and the ruling of the court should not be disturbed in the absence of a clear abuse of discretion." Stehwein v. Olcott, 78 N.M. 95, 428 P.2d 634 (1967).

The assessment of damages is a function of the trier of facts. The substantiality of the evidence in this case is affected by the rule that opinion evidence may be disregarded by the jury in whole or part, even if uncontradicted. Van Orman v. Nelson, 78 N.M. 11, 427 P.2d 896 (1967). Most evidence on damages in this cause was on opinion. Even the evidence on replacement cost and original cost required opinion evidence to be relevant to the damage measure fair market value immediately before destruction. The jury was therefore permitted a wide latitude in arriving at a damage figure.

We will reverse for inadequate damages only if: (1) the evidence, viewed in the light most favorable to plaintiff, does not substantially support the award and (2) there is an indication of passion, prejudice, partiality, sympathy, undue influence or a mistaken measure of damages on the part of the fact finder. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Sweitzer v. Sanchez, 80 N.M. 408, 456 P. 2d 882 (Ct.App.1969). We cannot say that the award was so inadequate as to imply passion, prejudice, partiality, sympathy, undue influence or mistake. Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023 (1958). Neither do we find any direct evidence of impropriety by the jury. The trial court did not abuse its discretion in denying plaintiffs' motion for a new trial.

It is so ordered.

HENDLEY, Judge (concurring).

I concur in the result.

LOPEZ, Judge (dissenting).

I respectfully dissent. The award was so low that passion, prejudice, partiality or sympathy can be implied. I agree with the opinion that, " . . . [m]ost evidence on damages in this cause was on opinion. . . . " This ignores the fact that there was evidence of original cost for some items. Original cost is a matter of fact, not opinion. The original shell of the structure was purchased for $4,000.00. Miscellaneous items such as feeds, medicines and equipment destroyed by the fire originally cost $937.22. These figures were uncontradicted and alone are well in excess of the verdict of $3,900.00. Since they are uncontradicted facts, the jury cannot arbitrarily disregard them. Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct. App.1970).

The opinion states that the evidence on, " . . . original cost [required] an opinion to be relevant. . . . " The court in Rutherford v. James, 33 N.M. 440, 270 P. 794 (1928), overruled on other grounds in Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961), set out the rule as follows:

> "That evidence of the cost price of household goods or wearing apparel is admissible in an action for their loss is the rule. Of course, other circumstances must be taken into consideration, in arriving at their actual value. . . . "

The only "other circumstance" mentioned by the court related to depreciation of the items.

In the case at bar, opinions which made the evidence of original cost "relevant" were in the record. There was testimony both as to the shell of the structure and the miscellaneous items that the value had in fact *appreciated*. This testimony was not contradicted. Although it could be arbitrarily disregarded, the trier of fact would be left with the original cost. The fact that the jury could disregard it would not give them the license to invent evidence of depreciation and base their verdict on that. Nor does this fact that the jury could disregard the opinion evidence of appreciation somehow make the evidence of original cost "irrelevant" or insubstantial. The size of the verdict indicates that the jury's award was not made on the basis of substantial evidence.

That fact indicates that the jury was motivated by passion, prejudice, partiality or sympathy. The presence of these factors is also indicated by the fact that the jury arbitrarily disregarded opinion evidence of the value of other items destroyed in the fire. Although this fact is irrelevant on the substantial evidence issue, I feel it is relevant on the issue of bias. The opinion evidence was to the effect that plaintiffs' total loss was conservatively in excess of $25,000.00. Since the jury's verdict was based not on substantial evidence but on sympathy for a small child being sued by a keeper of gamecocks, I would reverse.