815 P.2d 658

**Milton DICKENSON, Plaintiff–Appellant/Cross–Appellee,**

v.

**REGENT OF ALBUQUERQUE, LTD. and Bob Moore, Defendants–Appellees/Cross–Appellants.**

**No. 12946.**

Court of Appeals of New Mexico.

June 4, 1991.

Certiorari Denied Aug. 9, 1991.

William A. L'Esperance, Albuquerque, for plaintiff-appellant/cross-appellee.

Thomas P. Gulley, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellees/cross-appellants.

OPINION

APODACA, Judge.

Plaintiff appeals the jury's award of damages and the trial court's denial of his motion for additur or a new trial. Defendants cross-appeal the trial court's award of costs. Our calendar notice proposed summary affirmance of plaintiff's appeal and summary reversal of defendants' appeal. Both parties have filed memoranda in support and in opposition respectively to our proposed disposition. In addition, defendants filed a motion for leave to reply to plaintiff's response to the calendar notice. Our appellate rules do not permit the filing of such replies. *Landavazo v. New Mexico Dep't of Human Servs.*, 106 N.M. 715, 749 P.2d 538 (Ct.App.1988). Defendants' motion is therefore denied. Not being persuaded by plaintiff's arguments, we affirm on plaintiff's appeal and reverse on defendants' cross-appeal.

PLAINTIFF'S APPEAL

██ Plaintiff contends the jury failed to follow the instructions given, arguing the damage award was too low. However, as we observed in the calendar notice, even if "the evidence would have sustained an award of a greater amount, the fact that the verdict was for a lesser amount does not show that the jury failed to follow the instruction." *Strickland v. Roosevelt County Rural Elec. Coop.*, 99 N.M. 335, 340, 657 P.2d 1184, 1189 (Ct.App.1982), *cert. denied*, 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983). Additionally, we disagree with plaintiff's argument that the trial court erred in denying his post-trial motion for additur or a new trial. In this regard, plaintiff contends the trial court erred because there was not substantial evidence to support the jury's award of damages.

In support of his argument, plaintiff points to evidence adduced at trial that supported a higher award. However, as we noted in our calendar notice, and as defendants confirmed in their memorandum in support of our proposed disposition, there was also conflicting evidence with respect to the extent of plaintiff's damages, his failure to mitigate damages, and his credibility concerning the injuries he suffered. Although plaintiff refers to uncontradicted expert testimony to support his argument, the jury was free to reject uncontradicted expert opinion evidence. *Id.; Phillips v. Smith*, 87 N.M. 19, 528 P.2d 663 (Ct.App.1974). On these bases, we decline to hold that the award of damages was inadequate. For the same reasons, we hold that the trial court did not abuse its discretion in denying plaintiff's post-trial motion. *Id.*

DEFENDANTS' CROSS–APPEAL

██ Prior to trial, pursuant to SCRA 1986, Rule 1–068 defendants tendered an offer of settlement in the amount of $40,-001 plus plaintiff's accrued costs. Plaintiff did not accept that offer. Defendants later made a second offer in the amount of $150,001. Plaintiff also rejected that offer and ultimately recovered a verdict of $11,-667.57. Defendants moved for their costs as of the date of the first offer of judgment, but the trial court only allowed defendants the recovery of costs as of the date of the second offer, on the basis that the second offer superseded the first offer.

Rule 1–068 provides in part that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." The judgment ultimately recovered by plaintiff was not more favorable than the first offer. The advisory committee notes to the corresponding federal rule state that "[i]n the case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer [that] was equal to or greater than the judgment ultimately obtained." *See* Fed.R.Civ.P. 68, Notes of Advisory Committee on Rules. *See also Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (it is appropriate to look at federal law construing a federal rule that is the same as the New Mexico rule).

Consequently, we hold that defendants could recover their costs from the date of the first offer. We thus reverse the trial court's judgment with respect to the awarding of costs to defendants, with instructions to award defendants their costs from and after the date of the first offer.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.