IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRANDON OROSCO and JENNIFER OROSCO, husband and wife, individually, and as parents and next friends of KAYLEN OROSCO, MARISSA OROSCO, and SILAS OROSCO,
*Plaintiffs/Appellees*,

*v.*

MARICOPA COUNTY SPECIAL HEALTH CARE DISTRICT, a body politic for and dba MARICOPA INTEGRATED HEALTH SYSTEM,
*Defendant/Appellant.*

No. 1 CA-CV 15-0580
FILED 2-2-2017

Appeal from the Superior Court in Maricopa County
No.  CV2012-004724
The Honorable John Christian Rea, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Harris Powers & Cunningham PLLC, Phoenix
By Frank I. Powers
*Counsel for Plaintiffs/Appellees*

Slattery Petersen PLLC, Phoenix
By Elizabeth A. Petersen
*Counsel for Defendant/Appellee*

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

**¶1**          Brandon Orosco and his family sued the Maricopa County Special Health Care District, alleging medical malpractice.  They made two offers of judgment pursuant to Arizona Rule of Civil Procedure 68.  The jury's verdict in their favor exceeded both offers of judgment.  We hold the superior court did not err in imposing sanctions calculated from the date of the first offer of judgment.  We also affirm the court's order taxing the costs of service of process.[1]

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          The Oroscos served an offer of judgment of $3,950,000 on December 13, 2013.  On September 27, 2014, they served another offer of judgment for $3,949,999.  The District did not accept or object to either offer.  After the jury rendered a verdict of $4.25 million and found the District 99% at fault, the Oroscos requested sanctions under Rule 68(g) calculated from the date of the first offer.[2]  The superior court rejected the District's argument that sanctions were available under Rule 68 only from the date of the second offer, and awarded sanctions of prejudgment interest from the date of the first offer of judgment and $147,441.33 in expert witness fees and double taxable costs incurred after the date of the first offer.

---

[1]      On appeal, the District also argues the superior court erred by denying its motions for judgment as a matter of law and for new trial or remittitur.  In a separate memorandum decision, we affirm the denial of the motions for judgment as a matter of law and for new trial or remittitur, but vacate and remand certain of the court's other rulings on taxation of costs and imposition of sanctions pursuant to Rule 68(g).  *See* ARCAP 28(c).

[2]      Rule 68 was restyled after entry of judgment in this case, but the change is not relevant to the issue we address in this opinion.

**¶3**        We have jurisdiction over the District's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1), (5)(a) (2017) and -2102(B) (2017).[3]

## DISCUSSION

### A.        Sanctions Under Rule 68(g).

**¶4**        We review *de novo* legal issues arising under Rule 68.  *See Levy v. Alfaro*, 215 Ariz. 443, 444, ¶ 6 (App. 2007).  We begin with the plain language of the rule.  *See Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005).

**¶5**        Rule 68(g) provides that if an offeree rejects an offer of judgment and "does not obtain a more favorable judgment," the offeree must pay sanctions of reasonable expert witness fees and double taxable costs incurred after making the offer, and prejudgment interest on unliquidated claims accruing from the date of the offer.  Rule 68(h)(2) provides that "[a] rejected offer does not preclude a later offer."  The effect of a subsequent offer on a previous offer, however, is an open question in Arizona.

**¶6**        The District argues this court should follow *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1033 (Nev. 2006), which held that a successive offer of judgment extinguishes the effect of an offeree's failure to accept a prior offer.  The weight of the authorities construing similar state-court rules, however, is to the contrary, when, as here, the judgment finally obtained is less favorable to the offeree than both offers.  *See Martinez v. Brownco Constr. Co.*, 301 P.3d 1167, 1173-74 (Cal. 2013); *Evans v. Sawtooth Partners*, 723 P.2d 925, 931-32 (Idaho App. 1986); *Palmer v. Kovacs*, 897 A.2d 429, 433-34 (N.J. Super. App. Div. 2006); *Hicks v. Lloyd's Gen. Ins. Agency*, 763 P.2d 85, 86-87 (Okla. 1988); *Zahn v. Musick*, 605 N.W.2d 823, 826, 828, 834-35 (S.D. 2000); *cf. Kaufman v. Smith*, 693 So. 2d 133, 133-34 (Fla. Dist. App. 1997) (when defendant made two offers of judgment and verdict was less than first but more than the second, defendant was entitled to sanctions from date of first offer).[4]  As the California supreme court held in *Martinez*,

---

[3]        Absent material revision after the relevant date, we cite a statute's current version.

[4]        *See also Dickenson v. Regent of Albuquerque, Ltd.*, 815 P.2d 658, 659 (N.M. App. 1991) (citing advisory committee note to Federal Rule of Civil Procedure 68, which allows a defendant to make offers of judgment: "In the

a contrary outcome might deter a plaintiff from making an early offer of judgment or from later adjusting an earlier demand: "Where, as here, a plaintiff serves two . . . offers to compromise, and the defendant fails to obtain a judgment more favorable than either offer, recoverability of [sanctions] incurred from the date of the first offer is consistent with [the provision's] language and best promotes the . . . purpose to encourage the settlement of lawsuits before trial." 301 P.3d at 1175.

¶7        As with the provisions at issue in the cases just cited, the purpose of Arizona's Rule 68 is to "promote settlement and to avoid protracted litigation." *Arellano v. Primerica Life Ins. Co.*, 235 Ariz. 371, 381, ¶ 48 (App. 2014). Permitting an offeror to make additional offers of judgment encourages the parties to continue to evaluate their cases as the litigation proceeds and thereby generally fosters settlement. The District argues, however, that allowing sanctions from the date of the first offer under these circumstances effectively discourages an offeror from making a reasonable second offer as trial approaches. But in the same situation, an offeree has the power to make a reasonable offer of judgment of its own. We agree with the majority of other jurisdictions that have considered the issue that a subsequent offer of judgment does not extinguish the effect of an offeree's failure to accept a prior offer when the judgment is less favorable to the offeree than both offers.

¶8        Accordingly, because the District did not accept the Oroscos' first offer of judgment, upon entry of a judgment less favorable to the District than that offer, the Oroscos were entitled to sanctions fixed to accrue from the date of that offer. Ariz. R. Civ. P. 68(g). The Oroscos' second offer of judgment, just one dollar less than the first, did not extinguish the effects of the District's failure to accept the first.

**B.    Costs of Service of Process.**

¶9        The District also challenges the superior court's order taxing the costs the Oroscos incurred in serving the District with a notice of claim and the summons and complaint. *See* A.R.S. §§ 12-332(A)(1) (2017), -821.01 (2017).

¶10        Under the cost statute, A.R.S. § 12-332(A)(1), "[f]ees of officers and witnesses" are taxable costs. The District argues there is no authority

---

case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer [that] was equal to or greater than the judgment ultimately obtained.").

for treating costs of service as a taxable cost, but A.R.S. § 12-3301(A) (2017) expressly states that "[a] private process server is an officer of the court." The parties debate the relevance of *Farm & Auto Supply v. Phoenix Fuel Co.*, 103 Ariz. 344, 345-46 (1968), in which the supreme court applied a since-repealed statute that expressly allowed a prevailing party to recover "costs of service made by a private process server." Given that the current statute, § 12-332(A)(1), allows taxing of the costs of "officers," and a private process server plainly is defined as an "officer of the court," we see no reason why the costs of a process server are not taxable under § 12-332(A)(1).

**¶11** The District, however, also argues that taxing the costs of service of process flies in the face of Arizona Rule of Civil Procedure 4.1(c), under which the court must impose costs of service on a defendant that fails to comply with a proper request for waiver of service of process.

**¶12** We see no inconsistency. Rule 4.1(c) allows a plaintiff to seek to avoid the cost of service of process by requesting the defendant to waive service of a summons. If the defendant refuses a request that conforms with the rule, the rule allows the plaintiff to seek reimbursement of the expense subsequently incurred in effecting service. Ariz. R. Civ. P. 4.1(c)(2). Under the rule, the plaintiff need not prevail in the litigation to win reimbursement of the costs of service; the costs of service are shifted simply because the defendant has refused a proper request. Nothing in the rule prevents a plaintiff that has incurred the expense of effecting service from seeking to tax those costs under § 12-332(A)(1).

**¶13** The superior court thus properly included the expense of the private process server as a taxable cost.

## CONCLUSION

**¶14** For the foregoing reasons and those set forth in our separate memorandum decision, the judgment is affirmed in part and vacated and remanded in part.



AMY M. WOOD • Clerk of the Court
FILED: AA